[L. A. No. 7681. In Bank.—July 9, 1923.]

EMILIA POMPER, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF LOS ANGELES, et al., Respondents.

[1] JUDGMENTS — INTERLOCUTORY DECREES—WHAT CONSTITUTE. — The general rule is that where a decree is made fixing the liability and rights of the parties which refers the case to a master or subordinate tribunal for a judicial purpose, such, for instance, as the statement of an account, upon which a further decree is to be entered, the decree is not final.

[2] ID.—ACTION TO QUIET TITLE—NATURE OF JUDGMENT.—In an action to quiet title, a judgment declaring that the legal title to the property is in a certain person and expressly reserving for future determination the question of the amount of the rents, issues, and profits to be paid by the respective defendants to the plaintiff therein because of the use and occupation of the premises during a certain period, is an interlocutory judgment and not appealable, nor do the proceedings upon a motion for a new trial laid down in the code apply to such a judgment.

PROCEEDING in Certiorari to review the order of the Superior Court of Los Angeles County granting a new trial. Charles H. Burnell, Judge. Order affirmed.

The facts are stated in the opinion of the court.

John F. Poole and H. E. Gleason for Petitioner.

Isaac Pacht and Rudolph & Warne for Respondents.

WILBUR, C. J.—This is a proceeding on *certiorari* to review an order of the respondent court granting a new trial in the action of *Pomper* v. *Behnke.* The application is based upon the claim that the judgment rendered in the action, upon which the motion for a new trial was based, was an interlocutory and not a final judgment, and for that reason it is claimed the court had no jurisdiction to grant the motion for a new trial, which is only appropriate, it is claimed, after the entry of the final judgment in the action. The respondent claims that the judgment rendered by the trial court was a final judgment, and that

the motion for new trial having been made after due notice and within due time, was within the jurisdiction of the trial court.

It appears from the record certified to this court that the decision in *Pomper* v. *Behnke* turned upon the effect of a deed executed by Fritz Pomper to his wife, Emilia Pomper. The difficulty arises from the fact that Fritz Pomper on September 25, 1881, at Chemnitz, Germany, married a woman named Emilia Lenk; on August 26, 1896, at Chicago, Fritz Pomper, with due formalities, married Emilia Lenk, another woman of the same name as his first wife. Thereafter he lived with the second Emilia Lenk, and on September 20, 1915, executed and acknowledged a deed of gift to the property involved in this action "to Emilia Pomper, my wife." In June, 1918, Emilia Pomper of Los Angeles (the second wife) conveyed the property in question to defendant Behnke, who thereafter conveyed it to the defendant Lena Heinze. The action of *Pomper* v. *Behnke* was begun September 29, 1920, by the first Emilia Pomper to quiet the plaintiff's title to the land in question and to recover the rents, issues, and profits thereof. The trial court rendered a judgment which was entitled "Interlocutory Judgment and Decree," declaring that the legal title to the property in question was in Emilia Pomper, the first wife, although it was apparent that the deed was delivered to the second Emilia Pomper, who was living with Fritz Pomper upon the property in question, by whom it was occupied for about eighteen years as the home of the reputed husband and wife, the first Emilia Pomper having during all this period resided in Germany. The so-called interlocutory judgment expressly reserved for future determination the question of the amount of the rents, issues, and profits to be paid by the respective defendants to the plaintiff therein because of the use and occupation of the premises during the eighteen years preceding the commencement of the action, and also from the date of the action to the rendition of the final decree.

While it is true that the so-called interlocutory judgment purported to settle the basic issue involved in the case, it expressly left for future determination the rights of the parties with relation to the rents, issues, and profits, which

was one of the issues raised by the complaint, as the plaintiff prayed for judgment for the value thereof.

[1] The general rule is that where a decree is made fixing the liability and rights of the parties which refers the case to a master or subordinate tribunal for a judicial purpose, such, for instance, as the statement of an account, upon which a further decree is to be entered, the decree is not final (2 Cal. Jur., secs. 19, 20, p. 142; *California Nat. Bank* v. *Stateler*, 171 U. S. 447 [43 L. Ed. 233, 19 Sup. Ct. Rep. 6, see, also, Rose's U. S. Notes]; *Clement* v. *Duncan, ante,* p. 209 [215 Pac. 1025]; *Doudell* v. *Shoo,* 159 Cal. 448, 453 [114 Pac. 579]).

[2] It is clear, then, that the judgment was in fact as well as name an interlocutory judgment and was not appealable, nor do the proceedings upon a motion for new trial laid down in the code apply to such a judgment.

This, however, is not determinative as to the question involved in this proceeding. The very fact that the judgment in question was interlocutory left the whole case before the court for final adjudication, and even if it be conceded that the order vacating the interlocutory judgment and granting a new trial was erroneous, it was but an order in the exercise of its jurisdiction over the cause and the parties, to be corrected, if need be, upon an appeal from the final judgment in the action (Code Civ. Proc., sec. 956).

The order is affirmed.

Lawlor, J., Myers, J., Waste, J., Seawell, J., Kerrigan, J., and Richards, J., *pro tem.,* concurred.

Application for modification of decision denied.