[Civ. No. 5648. Second Appellate District, Division One.—August 12, 1927.]

ROBERT VIRGIL COCKE et al., Petitioners, v. A. D. MacLEOD, Respondent.

Fredericks & Hanna and Lyon, Fleming & Robbins for Petitioners.

Seth B. Smith and William and Guy Lewis for Respondent.

HOUSER, J.—In this proceeding petitioners pray that respondent, as referee appointed by a judge of the superior court, be permanently restrained and prohibited from proceeding with the hearing in an action pending in said superior court, in which action respondent was appointed referee.

The facts appear to be that in a suit brought for the purpose of having a trust declared in favor of the plaintiff as to a one-half interest in and to certain real property described in the complaint, the court made findings of fact and drew conclusions of law therefrom and thereupon rendered judgment to the effect that the plaintiff was the owner of the west one-half of said property, subject to a lien and the payment thereof by plaintiff of one-half of a certain mortgage thereon; that defendant held the record title to the said one-half of said property in trust for the plaintiff; "that the defendant, Robert Virgil Cocke, account to the plaintiff, Joseph Richard Cocke, for the income, rents and profits of the said west one-half (W. ½) of the said real estate, belonging to Joseph Richard Cocke, from and after the first day of January, 1924, and also the one-half of the interest, amortization payments, and taxes, paid by said Robert Virgil Cocke, accruing and paid since the 25th day of January, 1921; and that the defendant, Robert Virgil Cocke, pay to the plaintiff, Joseph Richard Cocke, the excess, if any, of the aforesaid income, rents and profits, over and above the amount of the aforesaid interest, amortization payments, and taxes paid by him, and in the event of the aforesaid payments for interest, amortization and taxes, exceed the aforesaid income, rents and profits, the plaintiff,

Joseph Richard Cocke, pay to the defendant, Robert Virgil Cocke, the amount of such excess.''

The judgment also provided that ''A. D. MacLeod is hereby appointed as referee to take evidence and find and determine said amounts, and the difference between them, and to report such findings to the court.''

Of the conclusions of law which were drawn from the findings, and upon which conclusions, with others, the judgment is based, the following are deemed material to the question here involved, to wit:

''That a decree should be entered herein providing that A. B. MacLeod be appointed referee herein to fix and determine the boundary line separating the westerly one-half from the easterly one-half of said property; . . .

''That said decree should further provide that said referee shall report his findings to this court and that this court shall thereupon enter a further and additional decree confirming or modifying the report of said referee, and, in accordance with said report as modified or confirmed, enter judgment in favor of defendants against the plaintiff for a sum equal to . . .

''That said second decree shall provide that all sums found to be due therein to the defendants from the plaintiff shall be paid prior to the vesting of the title. . . . ''

After the judgment was rendered, but before any action had been taken by the referee, the judge who rendered the judgment retired from office as judge of the superior court, since which retirement he has been neither appointed nor elected to such position.

In such circumstances, it is contended by petitioners that the judgment which was rendered was interlocutory only and that because of the fact that the judge who rendered such judgment no longer holds a judicial position on the bench of the superior court, such court is without jurisdiction to render a final judgment founded upon the interlocutory judgment, and consequently that the referee appointed by the court is also without jurisdiction in the premises.

In the case of *Connolly* v. *Ashworth*, 98 Cal. 205 [38 Pac. 60], where the authorities are cited, it is held that when the term of office of a judge expired before a decision in

an action pending before him had been filed, his successor was without jurisdiction to render judgment on the decision which had been signed by the former occupant of the office prior to his retirement. To the same effect is *Broder* v. *Conklin,* 98 Cal. 360 [33 Pac. 211], in which it is also held that (syllabus):

"In an action to declare the defendant guilty of fraud in the matter of an insolvent's estate, and that he holds certain property in trust for the benefit of the plaintiffs, and for an accounting of the moneys received by him under the trust, a finding by the court 'that the plaintiffs herein are entitled to judgment,' but leaving the principles of the accounting to be determined and other matters to be adjudicated, is not a sufficient determination of the cause to authorize the entry of judgment thereon by the clerk."

The case of *Clement* v. *Duncan,* 191 Cal. 209 [215 Pac. 1025], was one for the dissolution of a partnership. The trial court caused an "interlocutory decree" to be entered which dissolved the partnership, ordered an accounting between the partners and appointed an expert accountant to examine into and "report on all the affairs of the said copartnership, and to return the same to the court."

The court said: "The interlocutory decree 'was based upon findings which determined none of the questions at issue except the fact of partnership and the existence of mutual and undetermined claims and demands, and upon a conclusion of law which declared no more than that an accounting was necessary. The decree, declared by the court itself to be "an interlocutory decree," appointed a referee to state an account, the settlement of which was essential to the fixing of the relative rights of the parties in the partnership property. Under all the authorities such decree is not final.' (*Doudell* v. *Shoo,* 159 Cal. 448, 453 [114 Pac. 579, 583], and cases therein cited. See, also, *Gray* v. *Palmer,* 9 Cal. 636, and *Gianelli* v. *Brisco,* 40 Cal. App. 532 [181 Pac. 105].)"

In the case of *Pomper* v. *Superior Court,* 191 Cal. 494 [216 Pac. 577], it appeared that the lower court had rendered an "interlocutory judgment and decree" by which title to real property was quieted in one of the parties to the action, but reserved for future determination by the court the question of the amount of the rents, issues, and

profits to be paid by the respective defendants to the plaintiff therein. The court said:

"While it is true that the so-called interlocutory judgment purported to settle the basic issue involved in the case, it expressly left for future determination the rights of the parties with relation to the rents, issues, and profits, which was one of the issues raised by the complaint, as the plaintiff prayed for judgment for the value thereof.

"The general rule is that where a decree is made fixing the liability and rights of the parties which refers the case to a master or subordinate tribunal for a judicial purpose, such, for instance, as the statement of an account, upon which a further decree is to be entered, the decree is not final. (2 Cal. Jur., secs. 19, 20, p. 142; *California Nat. Bank* v. *Stateler,* 171 U. S. 447 [43 L. Ed. 233, 19 Sup. Ct. Rep. 6, see, also, Rose's U. S. Notes]; *Clement* v. *Duncan, ante,* p. 209; *Doudell* v. *Shoo,* 159 Cal. 448 [114 Pac. 579].)"

■ Although the ruling and general trend of the opinion in the case of *Zappettini* v. *Buckles,* 167 Cal. 27 [138 Pac. 696], would appear to be not entirely consistent with the decision as hereinbefore indicated in the two cases to which reference has been had herein, in view of the facts in the instant case, as disclosed by the conclusions of law therein, it was intended that the referee was to be charged with the duty of fixing and determining the boundary which would show the dividing line between the properties of the respective parties to the litigation; that upon the report of the referee being filed the court would render an additional decree confirming or modifying such "report" and thereupon enter judgment "in favor of defendants against the plaintiff for a sum equal to . . . "; and that said second decree should provide that said sum should be paid by plaintiff to defendants "prior to the vesting of title"—together with the additional fact that by the interlocutory judgment which was actually rendered in the action the referee was authorized to take evidence and find and determine the state of the accounts existing between plaintiff and the defendants—we are constrained to hold, in accordance with the principle announced in *Pomper* v. *Superior Court,* 191 Cal. 494 [216 Pac. 577], that the judgment which was rendered was interlocutory only. ■ Such conclusion, however, is not necessarily decisive of the question of the power of the referee to act

under his order of appointment. It is clear that the order is not one merely personal to the judicial officer of the court, but is an order by the court itself and as such unaffected by the retirement of the judge who made it. Were it otherwise, no judge, other than the one making the appointment of a receiver or a referee, even in a condemnation proceeding, would be authorized to receive and act upon the report of such appointee; and a similar situation might result in an action, arising from the death or retirement of a judge who theretofore had made an order appointing a notary public or commissioner to take a deposition. In the county of Los Angeles, as well as in other counties of this state having several judges of the superior court, where for the expedition of business of the court, cases may be and frequently are transferred from one busy department thereof to another department temporarily open for the transaction of business, it may and does often happen that an action therein pending in which a receiver or a referee theretofore has been appointed is transferred from one department of the court to another department thereof, In such circumstances, so far as concerns the judge presiding over the department from which such cause has been transferred, he occupies a position similar to that occupied by the judge in the instant case, in that he is no longer connected with the cause. The authority of the court, however, is undisturbed by such circumstances. (*Cudd* v. *Williams*, 39 S. C. 452 [18 N. E. 3]; *Pratt* v. *Timmerman*, 69 S. C. 186 [48 S. E. 255].) No authority has been presented which would indicate that after such transfer, because a judge other than the one making the appointment of a receiver or a referee would have charge of the proceedings in the action, the order of appointment would become a nullity and such appointee unauthorized to proceed with his duties.

Section 184 of the Code of Civil Procedure is as follows: "No proceeding in any court of justice, in an action or special proceeding pending therein, shall be affected by a vacancy in the office of all or any of the judges thereof."

Aside from lack of authority to the effect that because of the retirement of the judge who made the order of appointment of the referee in the instant case, the powers of such referee ceased, the statutory authority to which reference has

been had is broad enough in its scope to cover the situation here presented.

It is therefore ordered that the alternative writ issued herein be and it is discharged.

Conrey, P. J., and York, J., concurred.