[L. A. No. 11033.  In Bank.—December 5, 1929.]

SAMUEL H. GUNDER, Respondent, v. AGNES GUNDER, Appellant.

McAdoo, Neblett, O'Connor & Clagett, E. H. Mitchell and Alphonse E. Ganahl for Appellant.

Woodruff, Musick, Pinney & Hartke and H. L. Pratt for Respondent.

SHENK, J.—The plaintiff and respondent moves. to dismiss the appeal herein on the ground that it is taken from a judgment which is not a final judgment within the meaning of section 963, subdivision 1, of the Code of Civil Procedure.

The action was instituted to rescind, on the grounds of fraud and undue influence, a property settlement agreement made between the parties, husband and wife, who were divorced prior to the commencement of this action. Other relief, including a decree declaring an involuntary trust, canceling prior transfers and ordering reconveyances and

retransfers, granting an injunction and ordering an accounting, was sought. The trial court found that the plaintiff was entitled to the relief and rendered a judgment which, after its formal recitals, provided that a certain quitclaim deed covering a half interest in the Elsinore Gas Works—the other half interest having previously and during their married life been conveyed by the plaintiff to the defendant—and a certain bill of sale of personal property be canceled, set aside and declared to be null and void, and that the plaintiff was entitled to have and was given the right of possession of the personal property and the right of possession with the defendant of the real property; that the defendant render a full, complete and true account to a referee appointed by the court of all moneys and bonds received by the defendant from the plaintiff during their married life, of all proceeds from the sale of bonds, of bonds or other property purchased with such funds, of all moneys, profits or proceeds derived from the operation of the Elsinore Gas Works, etc.; that "said defendant render . . . a full complete and true account of the true condition of the accounts and business of the Elsinore Gas Works from the 30th day of April, 1926, until the date of said referee's report, and a full, complete and true account of all receipts, expenditures, collections and moneys had, received or expended by or in the hands of the defendant, Agnes Gunder, on account of her dealings with or handling of any personal property during her married life with said plaintiff, and on account of the sale, purchase, or exchange of any bonds during said time, and on account of any dealings with or deposits in any bank, wheresoever located, and on account of any matter or thing pertaining to business transactions with any bank or business of said plaintiff, and that the referee hereinafter named and appointed herein take such account and such other accountings as may be necessary to clarify and show the exact situation in regard to the matters in issue in this case and render his report and findings to the above court"; that "upon the rendition of said account of said referee to the court, and the court's approval thereof, said plaintiff is [entitled to] and shall be given a final judgment against said defendant for the immediate possession of any and all personal property, including bonds and money and proceeds thereof in the hands of said defendant, or under

her control or anyone on her behalf, belonging to said plaintiff, or the value thereof, as well as also for a final judgment in favor of said plaintiff and against said defendant in such amount as the court may find that the plaintiff is entitled to''; that ''the defendant is hereby restrained and enjoined pending the accounting and report of said referee and until the entry of final judgment, from encumbering, . . . , '' etc.

It is contended by the appellant that the judgment is a final judgment in accordance with the rule stated in the case of *Zappettini* v. *Buckles*, 167 Cal. 27 [138 Pac. 696]. As stated by the court in that case, however, the decree there was similar to the decree from which an appeal was taken in the case of *Clark* v. *Dunnam*, 46 Cal. 204, and the decision of the latter case was followed by the court in the Zappettini case. In neither of those cases did the decree involve a reference for an accounting, but in each case it ordered a sale of property and specified the distribution to be made of the proceeds. There was therefore in those cases no further judicial action required on the part of the court to adjudicate finally the rights of the parties.

While there is a conflict of authority on the question whether a decree which settles the basic issues between the parties, adjudges the complainant's right to an accounting and refers the items of the account to be found by a master, etc., is an appealable judgment (see *Wells* v. *Shriver*, 81 Okl. 108 [197 Pac. 460]), we are persuaded from an examination of the authorities that the rule adopted by the courts of this state and applicable to the present case is based on the desirability of subjecting the parties to but one appeal at the determination of the entire controversy between them (see *Doudell* v. *Shoo*, 159 Cal. 448, 454 [114 Pac. 579]; *Gianelli* v. *Briscoe*, 40 Cal. App. 532, 536 [181 Pac. 105]; Bancroft's Code Practice and Remedies, p. 8329), and is stated in *Pomper* v. *Superior Court*, 191 Cal. 494, at page 496 [216 Pac. 577], as follows: ''The general rule is that where a decree is made fixing the liability and rights of the parties which refers the case to a master or subordinate tribunal for a judicial purpose, such, for instance, as the statement of an account, upon which a further decree is to be entered, the decree is not final (2 Cal. Jur., secs. 19, 20, p. 142; *California Nat. Bank* v. *Stateler*, 171 U. S.

447 [43 L. Ed. 233, 19 Sup. Ct. Rep. 6, see, also, Rose's U. S. Notes]; *Clement* v. *Duncan,* 191 Cal. 209 [215 Pac. 1025]; *Doudell* v. *Shoo,* 159 Cal. 448, 453 [114 Pac. 579]).''

It is apparent upon the showing made in this case that the judgment is not and was not intended by the court to be a final determination of the controversy in the trial court but that final judgment as to the issues adjudicated was reserved by the court to be entered upon the submission of the referee's report, which would then be subject to ''the court's approval,'' and at which time the court would also render its ''final judgment in favor of said plaintiff and against said defendant in such amount as the court may find that the plaintiff is entitled to''; and that the appeal should therefore be dismissed.

It is so ordered.

Richards, J., Seawell, J., Waste, C. J., Curtis, J., Langdon, J., and Preston, J., concurred.