[L. A. No. 12901. In Bank.—December 29, 1931.]

CHARLES O. MIDDLETON, Petitioner, v. Hon. ALBERT C. FINNEY, Superior Judge, etc., et al., Respondents.

Call & Murphey and Anderson & Anderson & Sheehan for Petitioner.

Everts, Ewing, Wild & Everts, Everts, Ewing & Wild, McAdoo, Neblett and Clagett and Wm. H. Neblett for Respondents.

LANGDON, J.—This is a petition for a writ of *certiorari* to review orders of the Superior Court of Los Angeles County vacating judgments previously entered by it and granting a new trial to defendants. Petitioner originally brought an action as plaintiff against T. L. Dudley, F. P. Newport and Security Trust & Savings Bank, a corporation, defendants, seeking the dissolution of a partnership, and an accounting. The court, on July 19, 1929, made findings of fact and conclusions of law and rendered a judgment dissolving the partnership, determining the respective interests of the parties in certain property, and directing that an accounting be had for which defendant Newport should bear the cost. It was provided in said judgment that upon the completion of said accounting the court would decree the amount of money due from the parties. Subsequently the accountant's report was filed and the court adopted the same, made findings of fact and conclusions of law, which included substantially all of those previously made, and decreed the sums due.

Following the entry of the first judgment, defendants Newport and Dudley moved for a new trial, and after argument the motion was denied. Following the entry of the second judgment they moved to vacate both judgments, which motion was argued and a new trial granted on August 8, 1930. Said defendants also took appeals from each of the judgments.

Petitioner seeks to annul the order of the court setting aside both judgments and granting a new trial. As to the second judgment, of course, there can be no question of the power of the court. He contends, however, that in so far as this order affects the first judgment it is void because the trial court had previously exhausted its jurisdic-

tion over that judgment by hearing and denying the first motion for a new trial. Whether this contention is sound is the important question on this appeal.

There is undoubtedly some confusion existing as to what constitutes a final judgment which is appealable and which is subject to a motion for new trial. This confusion was probably greater at the time of the trial of this action than now, for subsequent to said trial this court has passed upon the question in *Gunder* v. *Gunder*, 208 Cal. 559 [282 Pac. 794]. Both parties now concede that the first judgment was interlocutory and not final. This concession is inevitable, for there can only be one final judgment in an action. (*Colton L. & W. Co.* v. *Swartz*, 99 Cal. 278 [33 Pac. 878]; *Doudell* v. *Shoo*, 159 Cal. 448 [114 Pac. 579].) If the first judgment were final, and the second were appealable, there would then be two final judgments in this case. As a matter of fact, the second judgment here was essential to determine finally the rights of the parties. It is true that certain issues of fact and of law were declared to be settled in the first decree; and it may well be that these were all the "substantial" or "material" issues in the case. There remained only the necessity of ascertaining the amounts of money to be paid pursuant to the decree determining the proportional interest of each party. But this had to be done, and until done, the case before the court was not concluded. It involved, to be sure, a mere matter of arithmetic, but the computations were subject to the approval of the court and were to be incorporated, if approved, in a further judgment. A *judicial act* remained to be done. Under these circumstances, the case comes clearly within the language of *Gunder* v. *Gunder*, 208 Cal. 559, 561 [282 Pac. 794, 795]:

"While there is a conflict of authority on the question whether a decree which settles the basic issues between the parties, adjudges the complainant's rights to an accounting and refers the item of the account to be found by a master, etc., is an appealable judgment (see *Wells* v. *Shriver*, 81 Okl. 108 [197 Pac. 460]), we are persuaded from an examination of the authorities that the rule adopted by the courts of this state and applicable to the present case is based on the desirability of subjecting the

parties to but one appeal at the determination of the entire controversy between them (see *Doudell* v. *Shoo,* 159 Cal. 448, 454 [114 Pac. 579]; *Gianelli* v. *Briscoe,* 40 Cal. App. 532, 536 [181 Pac. 105]; Bancroft's Code Practice and Remedies, p. 8329), and is stated in *Pomper* v. *Superior Court,* 191 Cal. 494, at page 496 [216 Pac. 577], as follows: 'The general rule is that where a decree is made fixing the liability and rights of the parties which refers the case to a master or subordinate tribunal for a judicial purpose, such, for instance, as the statement of an account, upon which a further decree is to be entered, the decree is not final (2 Cal. Jur., secs. 19, 20, p. 142; *California Nat. Bank* v. *Stateler,* 171 U. S. 447 [43 L. Ed. 233, 19 Sup. Ct. Rep. 6, see, also, Rose's U. S. Notes]; *Clement* v. *Duncan,* 191 Cal. 209 [215 Pac. 1025]; *Doudell* v. *Shoo,* 159 Cal. 448, 453 [114 Pac. 579]).' " (See, also, *Di Blasi* v. *Di Blasi,* 209 Cal. 753 [290 Pac. 7].)

Such cases as *Zappettini* v. *Buckles,* 167 Cal. 27 [138 Pac. 696], and *Clark* v. *Dunnam,* 46 Cal. 204, are distinguished in *Gunder* v. *Gunder, supra,* as follows: "In neither of those cases did the decree involve a reference for an accounting, but in each case it ordered a sale of property and specified the distribution to be made of the proceeds. There was therefore in those cases no further judicial action required on the part of the court to adjudicate finally the rights of the parties."

Petitioner does not dispute the proposition that the first judgment was not final. Instead, he contends that, while interlocutory, it was something over which the trial court had jurisdiction, and that when the court heard and denied the first motion for a new trial, its jurisdiction was exhausted, and at no future time could it by any order affect that judgment. This is so, petitioner contends, even though it be conceded that the court was in error in hearing the first motion, the judgment not being final. The theory is that the court's action and order with respect to the first judgment was erroneous, but not void, and that therefore the error could only be corrected on appeal. Here, of course, the trial court attempted to correct its own error.

The position thus taken, if approved, would lead to further confusion in situations where certainty is essential.

The instant case aptly illustrates this point. The first judgment was rendered upon findings of fact and conclusions of law. The defendants, not having any definite rule to determine its effect, and fearful that some expressions of the courts might lead to the conclusion that it was a final judgment, made their motion and thereafter gave notice of appeal. This was an exercise of caution, the object being to prevent loss of their right to attack the judgment if it should be held to be final. The trial court, doubtless acting under the same confusion, considered the motion and decided it, thus inferentially deeming its first judgment to be final. Petitioner declares that the error of the court was *invited* by defendants, and that they may not now complain of it. But it seems quite unreasonable to say that counsel must lose their right to make a valid and complete attack on the final judgment by reason of such a mistake, shared apparently with the court and the other side, which participated in the argument. Practically, therefore, we think that such an erroneous action of the trial court should not be given any validity, and that the trial court should not be deemed lacking in power to correct it.

This is, indeed, the rule set forth in many prior decisions of this court. A *premature* motion for a new trial is ineffectual; and the order of the court in denying or granting it is void and may be ignored or set aside by the court. (*Root* v. *Daugherty,* 201 Cal. 12 [255 Pac. 181]; *Robson* v. *Superior Court,* 171 Cal. 588 [154 Pac. 8]; *Odd Fellows' Sav. Bank* v. *Deuprey,* 66 Cal. 168 [4 Pac. 1173].) Petitioner asserts that in none of these cases were findings and conclusions of law already signed, as here. But this fact does not constitute a proper ground for distinction. The first judgment here was interlocutory; the findings and conclusions which were to constitute the *final* judgment had not yet been drafted. Consequently, the motion was made before any findings or conclusions had been made in support of the final judgment.

Petitioner points to certain language in *Pomper* v. *Superior Court,* 191 Cal. 494 [216 Pac. 577], in support of his view. The court there said (p. 496): "The very fact that the judgment in question was interlocutory left the whole case before the court for final adjudication, and even if

it be conceded that the order vacating the interlocutory judgment and granting a new trial was erroneous, it was but an order in the exercise of its jurisdiction over the cause and the parties, to be corrected, if need be, upon an appeal from the final judgment in the action.'' The facts of the case, however, are quite different from those involved herein. The trial court there entered a judgment which was actually interlocutory and then granted a new trial. Petitioner sought to have this *erroneous order annulled* on *certiorari*. This court *refused to issue the writ* because there was, as yet, *no final judgment in the action.* In the instant case, the trial court made its error, and later corrected it. The petitioner here seeks by *certiorari* to *reinstate the erroneous order and to annul the order correcting the error.* Nothing in the Pomper case suggests the propriety of issuing the writ in such a situation.

In our opinion, litigants are entitled to a strict and certain interpretation of the statute governing appeals and new trials, so that there will be no danger of losing the statutory rights by failure to take the proper steps as a result of confusion as to the meaning of a final judgment. We further hold that where a judgment is interlocutory, and is not made subject to appeal and motion for new trial by express statutory provision, a motion for a new trial is premature and void, and may be set aside by the trial court. An erroneous premature order cannot deprive the trial court of the power to make the correct order at the proper time.

The orders of the trial court are affirmed.

Preston, J., Richards, J., Shenk, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.