[Civ. No. 8177.   First Appellate District, Division One.—June 2, 1932.]

AXEL A. JOHNSON, Respondent, v. LUCIUS L. SOLO-MONS et al., Appellants.

Keyes & Erskine for Appellants.

Bianchi & Hyman for Respondent.

THE COURT.—The plaintiff in the above action sought a decree, declaring the rights of the parties under a contract for the exchange of real property. The property, conveyed to defendants Solomons, was improved by the erection thereon of two apartment houses. Said defendants filed a cross-complaint, alleging fraud by plaintiff inducing the exchange and asking for a rescission. The other parties to the action are the lessee of the two apartment houses, and certain persons who placed the furnishings therein at the instance of the tenant, for which payment was not made in full. This furniture was mortgaged by the tenant as security for the rent, and the mortgages were assigned by plaintiff to defendants Solomons.

The trial court found the allegations of fraud to be untrue and that defendants Solomons were not entitled to rescind, but that there was a partial failure of consideration for the exchange, namely, to the extent that the purchase price of part of the furnishings was unpaid by the tenant mortgagor. The court entered an interlocutory decree by which it found that "certain issues in this case will require further evidence, the taking of certain accounts and the ascertainment of certain additional facts, and this court does therefore

reserve for further and future determination such issues as are not here finally determined".

In view of the finding that there was no fraud and no rescission should be allowed, and that the furnishings were partially paid for, it was evidently the conclusion of the court that this did not materially impair the benefits received by defendants Solomons under the contract, which involved property worth over $100,000. In such cases damages have been allowed in lieu of a rescission (*Connell* v. *Higgins*, 170 Cal. 541 [150 Pac. 769]; *Murphy* v. *Sheftel*, 121 Cal. App. 533 [9 Pac. (2d) 568]), and this no doubt was one of the matters reserved for further consideration.

It was also decreed that certain parties who supplied furnishings should be paid by the tenant, but the decree provided that the party to the action who paid the amounts due thereon should receive title thereto. The decree further provided that a computation should be made of all losses and expenses incurred by plaintiff, defendants Solomons, and one of the parties claiming an interest in part of the furnishings who intervened in the action, and that they have several judgments therefor against the tenant and another defendant who also claimed an interest in some of the furnishings. Further, that as to all matters set forth in the findings not requiring computation judgment should be entered in accordance therewith as a part of the final judgment to be entered thereon.

Defendants Solomons appealed from the decree.

We think it clear that the decree was not intended by the trial court as a judgment which finally determined the rights of the parties, but as an interlocutory decree, leaving material matters for further litigation between the parties and that such was its effect. It has been held that the test applicable in determining whether a judgment is final or merely interlocutory is whether anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties (2 Cal. Jur., Appeal and Error, sec. 18, p. 139). Appeals lie only from final judgments unless an appeal from an interlocutory decree or judgment is expressly authorized by statute; and this is not one of the instances enumerated in the statute (Code Civ. Proc., sec. 963; *Title Ins. & Trust Co.* v. *California Dev. Co.*, 159 Cal. 484 [114 Pac. 838]).

■ An appellate court may of its own motion dismiss an appeal where it appears that no appealable judgment has been entered (4 Cor. Jur., Appeal and Error, sec. 2402, p. 590; *Pedlar* v. *Stroud,* 116 Cal. 461 [48 Pac. 371]; *Bienenfeld* v. *Fresno Mill Co.,* 82 Cal. 425 [22 Pac. 1113]; *Tingley* v. *Otis,* 141 Cal. 71 [74 Pac. 448]; *Visscher* v. *Dixon,* 46 Cal. App. 210 [188 Pac. 1029]; *Smith* v. *Questa,* 58 Cal. App. 1 [207 Pac. 1036]).

For the above reasons the appeal must be dismissed, and it is so ordered.