[Civ. No. 13282.   Second Dist., Div. Three.   May 29, 1942.]

FREDERIC H. BESSINGER, Respondent, v. MYRTLE A. GROTZ, Appellant.

James R. Jaffray for Appellant.

Robert N. Baker and Gordon L. Howden for Respondent.

SHAW, J. pro tem.—Plaintiff is a judgment debtor whose real property was sold to defendant under a judgment foreclosing a mortgage. He brought this action under section 707 of the Code of Civil Procedure, as a preliminary step to a redemption, to compel an accounting and disclosure of rents and profits alleged to have been received by defendant. Judgment was given for plaintiff, from which defendant appeals.

The trial court made findings which state the facts upon which plaintiff's right to redeem depends, including plaintiff's demand on defendant for a statement of rents and profits and defendant's failure to furnish it, and also find that during the period for redemption defendant made a contract to sell the property to persons, some of whom were in possession as plaintiff's tenants at the time of sale, and received installment payments, the amounts of which are not set forth, under said contract, but do not state that any rents and profits were received by defendant. In its conclusions of law the court directed the appointment of a referee to take an accounting from defendant. The judgment appealed from is entitled "Interlocutory Judgment for Accounting," decrees that plaintiff have leave to redeem, appoints a referee, directs him "to take from the defendant . . . an accounting of all sums received by her . . . from the use and occupation

of the property," and orders "that when such accounting is and has been rendered and received and settled that a final judgment be entered, fixing, in accordance with the findings and conclusions of law herein, the sum for which said property may be redeemed by plaintiff. . . ." It also decrees that all sums received by defendant under the contract above mentioned are for the use and occupation of the property.

We have come to the conclusion that this judgment is unquestionably what it purports to be, a mere interlocutory judgment, and is not appealable. In *Pomper* v. *Superior Court*, (1923) 191 Cal. 494, 496 [216 Pac. 577], where the question was whether a judgment was appealable, the court thus stated the rule: "The general rule is that where a decree is made fixing the liability and rights of the parties which refers the case to a master or subordinate tribunal for a judicial purpose, such, for instance, as the statement of an account, upon which a further decree is to be entered, the decree is not final [citing authorities]." This rule has been approved and followed in *Gunder* v. *Gunder*, (1929) 208 Cal. 559, 561 [282 Pac. 794]; *Middleton* v. *Finney*, (1931) 214 Cal. 523, 526 [6 P. (2d) 938, 78 A. L. R. 1104]; *Hollar* v. *Saline Products, Inc.*, (1935) 3 Cal. (2d) 80, 81 [43 P. (2d) 273]; and many other cases.

In *Lyon* v. *Goss*, (1942) 19 Cal. (2d) 659, 670 [123 P. (2d) 11], the rule is again declared, in these words: "As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." Further judicial action is essential here to a final determination of the rights of the parties, and by either of these statements of the rule the judgment is interlocutory and not appealable. The appeal must therefore be dismissed.

This point has not been raised by the respondent, or discussed by the parties, but in case of an attempted appeal from a nonappealable order, it is the duty of this court on its own motion to dismiss the appeal. (*Collins* v. *Corse*,

(1936) 8 Cal. (2d) 123, 124 [64 P. (2d) 137] ; *Johnson* v. *Solomons,* (1932), 124 Cal. App. 43, 46 [12 P. (2d) 140].)

The appeal is dismissed.

Schauer, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied June 26, 1942, and the following opinion was thereupon rendered :

THE COURT.—By petition for rehearing appellant points out that the findings state the exact price, the amounts and times of monthly payments and the rate of interest specified in the contract of sale made by defendant, and the judgment decrees that payments under that contract are for the use and occupation of the property in question, from which appellant seeks to draw the conclusion that no judicial action remains to be done by the referee or the court. But the findings do not state the amount of money received by the defendant under this contract, nor do they find that the defendant has received no other sums for use and occupation of the land. Hence there are matters yet to be determined by the referee, and since the judgment provides for a settlement of the accounting taken by the referee, it obviously contemplates further judicial action by the court in making such settlement.

The petition of appellant for rehearing is denied.

Schauer, P. J., Wood (Parker), J., and Shaw, J. pro tem., concurred.