[Civ. No. 16393.  Second Dist., Div. Two.  Apr. 29, 1948.]

CARL W. BROWN, Respondent, v. TROPHY-CRAFT
COMPANY (a Corporation), Appellant.

George Boshae for Appellant.

Borah & Borah for Respondent.

MOORE, P. J.—Respondent has moved the court to dismiss the appeal herein on the ground that the orders appealed from are not appealable.  Simultaneously, appellant presents its petition for a writ of supersedeas "staying all proceedings including the taking of an account of defendant's books pending the final determination of the appeal."

The bases of the motion for dismissal are that the judgment is interlocutory and that it can be reviewed on appeal only after the final judgment; that a judgment which fixes the liability and the rights of the parties but refers the cause for some judicial purpose such as the statement of an account is not a final judgment and is not appealable.  Appellant contends that the correct rule for determining whether an interlocutory judgment is appealable is to ascertain first the nature of such decree.  If a decree in equity is designated "interlocutory" yet directs a further hearing for certain

purposes, it may be an adjudication so final and complete as to constitute it a final judgment with reference to its appealability. If it is so complete that it leaves no issue for future consideration except compliance with its terms then it is final without regard to the designation given it by the court, but if further judicial action is necessary "to a final determination of the rights of the parties, the decree is interlocutory." (*Bakewell* v. *Bakewell*, 21 Cal.2d 224, 225 [130 P.2d 975]; *Lyon* v. *Goss*, 19 Cal.2d 659, 670 [123 P.2d 11]; *Gunder* v. *Gunder*, 208 Cal. 559, 561 [282 P. 794]; *Hollar* v. *Saline Products, Inc.*, 3 Cal.2d 80, 81 [43 P.2d 273].) In *Bessinger* v. *Grotz*, 52 Cal.App.2d 379, 380 [126 P.2d 355, 127 P.2d 66], the above rule was approved, but the appeal was dismissed because the judgment decreed that plaintiff have leave to redeem, appointed a referee, and directed him "to take . . . an accounting of all sums received by her . . . from the use and occupation . . . that when such accounting is and has been rendered and received and settled that a final judgment be entered, fixing, in accordance with the findings and conclusions of law herein, the sum for which said property may be redeemed. . ." In that case the findings did not state the amount received by the defendant under the contract or that the defendant had received no other sums for use and occupation of the land, leaving matters yet to be determined by the referee whose accounting required the court's approval. Such further judicial action destroyed the finality of the decree.

The leading authority holding that a judgment for an accounting is not final is *Gunder* v. *Gunder*, 208 Cal. 559 [282 P. 794]. After cancelling certain conveyances as void the judgment required *defendant* to render a full, complete and true account to a referee of all moneys and bonds received by the defendant from plaintiff during their marriage, and of all proceeds from the sale of bonds, of money, profits or proceeds derived from the operation of the Elsinore Gas Works; that he render a full, complete and true account of the true condition of the accounts and business of the Elsinore Gas Works; that upon rendition of said account of said referee and the court's approval thereof plaintiff shall be given a final judgment. Much judicial action was to be taken after the interlocutory decree in that case. In *Pomper* v. *Superior Court*, 191 Cal. 494, 496 [216 P. 577], the general rule was declared to be that where a decree is made fixing the liability and rights

of the parties and referring the case to a master or subordinate tribunal for a judicial purpose, such as the statement of an account upon which a further decree is to be entered, the decree is not final; it is not appealable merely because it has settled the basic issue involved in the case. It is not final if it has expressly left for future determination the rights of the parties with relation to the rents, issues, and profits which was one of the issues raised by the complaint. Under such circumstance the whole case is still before the court for final adjudication.

The instant judgment is similar to those in the Bessinger, Gunder and Pomper cases in that the account to be taken by the referee is "1 . . . of all the dealings and transactions with respect to the agreement between plaintiff and defendant . . . 2 . . . that he shall report the result of such accounting to this court." Moreover, section 645, Code of Civil Procedure, provides that the findings of the referee may be excepted to and reviewed in like manner as if made by the court, and when the reference is to report the facts, "the finding reported has the effect of a special verdict." Thus before the findings of the referee bind the parties they are subject to exceptions by the parties and to approval by the court. The report of the result of such accounting is obviously to permit the court to approve or reject it. Therefore, the instant decree is not final. (*Pomper* v. *Superior Court, supra*; *Gunder* v. *Gunder, supra*; *Lyon* v. *Goss,* 19 Cal.2d 659 [123 P.2d 11] ; *Middleton* v. *Finney,* 214 Cal. 523, 526 [6 P.2d 938, 78 A.L.R. 1104] ; *Bessinger* v. *Grotz,* 52 Cal.App.2d 379, 381 [126 P.2d 355, 127 P.2d 66].)

Appellant contends that the judgment is final in accordance with the rule stated in *Zappettini* v. *Buckles,* 167 Cal. 27 [138 P. 696]. But neither in that case nor in *Clark* v. *Dunnam,* 46 Cal. 204, upon which it relies, did the decree involve a reference for an accounting, and there was therefore no further judicial action required on the part of the court to adjudicate finally the rights of the parties. These cases are carefully analyzed in *Security-First National Bank* v. *Superior Court,* 132 Cal.App. 683, 691 [23 P.2d 1055].

■ Since an appeal lies only from a final judgment and since the petition for supersedeas fails to present a case where no further questions can come before the trial court except such as are necessary to carry the judgment into effect, the petitioner is not at this time entitled to a writ of supersedeas. (*Bakewell* v. *Bakewell,* 21 Cal.2d 224, 228 [130 P.2d 975].)

The application for a writ of supersedeas is denied and the appeal is dismissed without prejudice.

Wilson, J., concurred.

McCOMB, J.—I concur in the opinion. Since the purported appeal is from a nonappealable order, a dismissal of the appeal does not constitute an affirmance of the interlocutory order of the trial court and in my opinion the application for a writ of supersedeas should be denied and the appeal dismissed.

Appellant's petition for a hearing by the Supreme Court was denied June 24, 1948.