[Civ. No. 24038.   Second Dist., Div. One.   Oct. 29, 1959.]

JEANNE LOUISE GOLLARD, Respondent, v.
ELMA E. BAYLESS et al., Appellants.

William J. Currer, Jr., and Moore, Trinkaus & Currer for Appellants.

Overton, Lyman & Prince for Respondent.

SHEA, J. pro tem.*—Plaintiff recovered judgment in the trial court and defendants have appealed. Plaintiff now moves this court to dismiss the appeal for the reason that the judgment appealed from is interlocutory and not final and therefore is not appealable.

The findings of fact and conclusions of law generally declare that the defendants are trustees of certain property and that the plaintiff has a beneficial interest in such property and the rents, issues and profits thereof, and further that the plaintiff is entitled to an accounting of the trust estate.

The judgment is entitled "INTERLOCUTORY JUDGMENT OF ACCOUNTING." A summary of its provisions is as follows: The matter is referred to an accountant to state an account of the trust estate; the accountant is to report to the court from time to time for any necessary instructions; procedural methods are set up to enable the court to conduct hearings, on notice, for the purpose of taking further evidence that might be required in the accounting; and also for hearings, on notice, on any objections to, or corrections of, the accounting. The judgment then provides as follows:

"7. After receiving said accountant's report and considering the exceptions, objections and requests for additions and corrections thereto, together with the evidence produced, the Court shall make its final judgment directing distribution to plaintiff of her proper share of the properties and moneys, if any, and for payment of such surcharges and costs, including attorneys' fees and accountant's fees, as it deems proper."

The judgment then "restrained and enjoined" the defendants from dealing with the property in any manner that would affect its legal or equitable ownership.

Is this an appealable final judgment?

Section 963, subdivision 1, Code of Civil Procedure, authorizes an appeal from a final judgment in the superior court. Subdivisions 2, 3 and 4 list certain other specific types of orders which are appealable, none of which are applicable here.

A judgment is final only when it determines all of the rights of the parties and requires no further judicial action

*Assigned by Chairman of Judicial Council.

to give effect to its provisions. (*Lyon* v. *Goss,* 19 Cal.2d 659 [123 P.2d 11] ; *Bakewell* v. *Bakewell,* 21 Cal.2d 224 [130 P.2d 975].)

Where the judgment adjudicates the issues framed by the pleadings and orders a reference to a referee for an accounting, and then provides that upon receipt of the accounting the court shall make its final distribution of the property and money to the parties legally entitled thereto, the judgment is interlocutory and not final. (*Gunder* v. *Gunder,* 208 Cal. 559 [282 P. 794].)

In opposition to the motion to dismiss counsel for the defendants urges that the order enjoining the defendants is specifically an appealable order. This is correct. (Code Civ. Proc., § 963, subd. 2.)

Defendant has also appealed from an order denying a motion for new trial. Since the judgment was not final the motion for new trial was premature and ineffectual for any purpose. The order denying the motion is void and may be ignored. (*Middleton* v. *Finney,* 214 Cal. 523 [6 P.2d 938, 78 A.L.R. 1104].)

The motion to dismiss the purported appeal is granted except as to that portion of the judgment granting an injunction. As to the order granting the injunction, the motion to dismiss is denied.

Lillie, Acting P. J., concurred.

On November 27, 1959, a petition for a rehearing was denied and the opinion and judgment were modified to read as printed above.