Will Key JEFFERSON, Petitioner,

v.

Guiditta MOORE, Respondent.

No. 44.

Supreme Court of Alaska.

June 23, 1960.

Will Key Jefferson, in pro. per.

Peter B. Walton, Anchorage, for respondent.

PER CURIAM.

The petitioner, in propria persona, is here on a petition for review. It is not clear from his petition and statement of points exactly which of three separate situations in the courts below he desires to have this court review.

An examination of the record before us discloses the following pertinent facts and circumstances: This action is one for unlawful detainer, commenced by the respondent against the petitioner in the Justice Court for the Anchorage Precinct, Alaska, on the 12th day of October, 1959, to recover possession of certain real property in the Anchorage Recording District. A copy of the complaint and summons were served upon the petitioner personally on the date mentioned, notifying him as defendant below that the trial would be held on the 16th day of October, 1959, at 1:30 o'clock, p. m. The complaint alleges that the petitioner was occupying the property in question unlawfully and by force, without right and without respondent's permission.

At noon on the 15th day of October, 1959, respondent in person filed in the Justice Court a motion for dismissal, a demand for jury trial, and a motion for a thirty-day continuance. He waived his demand for jury trial by failure to deposit with the justice the statutory trial fee, Section 68–6–6 A.C.L.A.1949. His motion for dismissal is premised on the bald con-

clusion that "the plaintiff [respondent] is attempting here to substitute a summary proceeding in Unlawful Detainer for the proper Action in Ejectment, which the allegations of the complaint require." It does not appear that any facts were advanced in support of the motion, which was denied by the magistrate on the 16th day of October, 1959.

In his motion for continuance, petitioner alleged that he was then a bed patient confined by reason of a quadruple fracture of the foot, that his doctor had informed him that he would be immobilized for a period of several weeks; and that he would furnish a certificate of the doctor. The motion is not verified; nor is there any affidavit in support thereof. A doctor's certificate, in the form of a letter, dated October 16, 1959, and stating that petitioner should be out of the hospital by the 19th or 20th of October was filed in the Justice Court but not until the 22nd day of October, 1959. There was no undertaking given by the petitioner to the respondent conditioned for the payment of rent, as required by Section 68–8–6 A.C.L.A.1949, when a continuance of more than two days is requested by the defendant in an unlawful detainer action.

The case came on for hearing on October 16, 1959. Only the respondent appeared. Testimony was taken of the respondent relative to the granting of petitioner's motion for a continuance; and the motion was then granted but only for two days. Since the second day of the continuance in this case would fall on a Sunday and the following Monday was designated a legal holiday in Alaska (see Chapter 183, Laws of Alaska, 1959), the justice continued the time for trial until the second court day after the 16th, that is until the 20th day of October, 1959.

The trial was duly held in the Justice Court on the 20th day of October, 1959, the petitioner again not appearing. After hearing oral and documentary testimony offered by the respondent (plaintiff), the Court found for the respondent and gave a default judgment of restitution of the premises to her and for her costs and a reasonable attorney's fee. Execution issued and the respondent was restored to possession of the property in question, all on the 20th day of October, 1959.

On the 19th day of November, 1959, petitioner filed in the District Court for the District of Alaska, Third Judicial Division, a petition for writ of review, asking the District Court to set aside the default judgment and direct the Justice Court to grant a new trial.

On the 18th day of January, 1960, a writ of review in favor of the petitioner was issued by the Clerk of the District Court under direction of J. L. McCarrey, Jr., Judge of said Court. In the meantime the respondent had challenged the issuance of the writ by motion to quash. Extensive briefs, memoranda and affidavits were filed by both parties and their oral arguments were heard on the 22nd day of January, 1960, by Judge McCarrey, who took the matter under advisement and on February 19, 1960, granted the motion to quash and dismissed the writ of review. In his memorandum opinion, Judge McCarrey stated:

"Based upon the case of Gibson vs. Langdon, et al, 2 Alaska 166 (1903), the motion to quash petition for review is hereby granted and the writ of review is hereby dismissed for the reason that in a writ of review the court will only consider questions growing out of the jurisdiction of the court below and will not correct errors of law occurring in the court below since the latter must be raised by way of appeal * * *"

On February 20, 1960, the entire interim court system established for Alaska during the transition period from territorial status to statehood was succeeded by the present state court system. Six days later the petitioner filed a motion in the Superior Court of the State of Alaska, Third Judicial District, for a rehearing on Judge McCarrey's action. The motion was heard by Superior Court Judge J. Earl Cooper and denied by him by written order entered in the cause on March 23, 1960. No rea-

-sons for the court's action are set forth in the order.

On April 20, 1960, petitioner Jefferson filed with this court a petition for review. The petition mentions the Justice Court decision of October, 1959, Judge McCarrey's order of February 19, 1960, and Judge Cooper's order of March 23, 1960, and regards them all as objectionable; though it is not clear from the petition precisely which decision or decisions we are asked to review.

■ We agree with the observation made by respondent in her opposition memorandum that the petitioner has failed to identify with clarity and accuracy either the decisions of which review is sought or the grounds on which a right of review is predicated. In one part of his petition, petitioner complains that he has been deprived of his property without hearing or an opportunity to appear. He evidently refers to the proceedings in Justice Court, for the record shows that he was present at the hearings held by Judges McCarrey and Cooper. Later in the petition, he alleges that "the orders complained of" affect a substantial right to property and, in effect, terminate the action and prevent final judgment on the merits. Here the reference must be to the orders of Judge McCarrey and Judge Cooper. The confusion created by these conflicting statements would alone justify denial of the petition under Rule 28(b), Rules of the Supreme Court of Alaska.

■ There is additional ground, too, which would justify a denial of the petition. On February 19, 1960, the District Court entered an order quashing a writ of review previously issued. The effect of this action by the District Court was to terminate the proceeding, and thus the order was "final", within the meaning of Supreme Court Rule 6, and one from which an appeal might have been taken. But the petitioner did not appeal from the order of February 19. Instead he has asked this court to review the order by means of the discretionary power set forth in Part VI of the rules of this court.

■ Rule 23, which is entitled: "Review of Non-Appealable Orders or Decisions", permits an aggrieved party to petition this court for review of any order or decision "not otherwise appealable under Rule 6." Rule 6 provides that an appeal may be taken to this court from a "final judgment" of the superior court. Thus, the principal purpose of Rules 23 to 33 is to afford a remedy of prompt review of an order of the superior court where injustice might result if the petitioner was obliged to bide his time and bring up the matter at a later date on an appeal from a final judgment. It was not intended that this procedure should be used as a substitute for an appeal. Rule 24, in stating the considerations that govern the exercise of the court's discretion, makes this thought clear. For this reason, then, there would be ample ground for denying the petition.

Since petitioner is here without benefit of counsel, a decidedly unfavorable situation for himself, his adversary, and this court, and one which we do not recommend, we have not strictly confined our determination of the petition to the matters mentioned above, that is, the failure of petitioner to present with accuracy, brevity and clearness the decisions of which review is sought or the grounds on which a right of review is predicated, and the apparent attempt by petitioner to use the procedure set forth in Rules 23 et seq., as a substitute for an appeal. We have actually searched the record and from such search have become convinced that there has been no miscarriage of justice and that there is nothing in this case which calls for this court's power of supervision and review. Consequently, the petition is denied.