Henry C. LEEGE, District Magistrate, First
Judicial District, at Juneau, and
State of Alaska, Appellants,

v.

Earling STRAND, Sr., Appellee.

No. 301.

Supreme Court of Alaska.

Aug. 23, 1963.

George N. Hayes, Atty. Gen., and Avrum M. Gross, Asst. Atty. Gen., Juneau, for appellants.

Roger G. Connor, Juneau, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

The state has appealed from an order of the superior court which reversed an order of the district magistrate at Juneau dismissing a motion to withdraw a plea of guilty in a criminal action which had been heard and disposed of in Petersburg. The motion to withdraw was pending before the deputy magistrate at Petersburg when the district magistrate at Juneau granted the state's motion to dismiss.

The action originated as a criminal case in the deputy magistrate court at Petersburg

where the defendant entered a plea of guilty to the crime of illegal fishing and, upon conviction by the deputy magistrate, paid a fine of $500 and forfeited his fishing net. The motion to withdraw the plea was made nearly six months later and is based upon Crim. R. 32(d) which provides in part that "to correct manifest injustice, the court, after sentence, may set aside the judgment of conviction and permit the defendant to withdraw his plea."[1] The manifest injustice alleged in the motion was that the plea of guilty was not made freely and voluntarily and that the defendant was denied the proper assistance of counsel at the time the plea was entered. The state was served with notice that the motion would be brought on for hearing at Petersburg on December 11, 1961, but the time for hearing was continued to January 6, 1962, by agreement of the parties.

On January 2, 1962, the state filed a motion before the appellant Leege, district magistrate at Juneau, to dismiss the defendant's motion without hearing and gave notice that the motion would be brought on for hearing at Juneau on the following day. Counsel for the defendant appeared specially at the hearing and challenged the jurisdiction of the district magistrate to act in the matter but refrained from arguing the merits of the motion. After hearing argument by the state on both the jurisdictional question and the merits, the district magistrate continued the hearing until January 10, 1962, to give himself time to communicate about the case with the deputy magistrate at Petersburg.

When counsel for both parties appeared again before the district magistrate at Juneau on January 10, 1962, he informed them that he had obtained from the deputy magistrate concerned a copy of the complaint in the case, a brief summary of what occurred at the time defendant entered his plea, and information that the defendant did not plead until after he had contacted his attorney in Juneau and that the fine had been paid and the forfeiture completed. The district magistrate then proceeded to grant the state's motion to dismiss the defendant's motion to withdraw his plea of guilty, stating that, among other things, he found no showing of manifest injustice on the motion to withdraw the plea. From this ruling by the district magistrate, the defendant went up to the superior court on a petition for review. That court, on September 5, 1962, found that the district magistrate had no authority to assume jurisdiction over judicial functions, or to review judicial acts, of the deputy magistrate and accordingly set aside the order of the district magistrate and remanded the case to the deputy magistrate at Petersburg for determination of the defendant's motion to withdraw his plea.

The district magistrate and the state have appealed to this court from the superior court's ruling, which they designate as a "final judgment."

On our own motion we consider first the fact that the appellants are seeking to appeal from an interlocutory order. In no sense of the word can it be said that the action of the superior court in remanding the case to the deputy magistrate for determination of a motion pending before him was a final judgment. That order did not finally dispose of the appeal as either party would have been left free to appeal from the determination that still had to be made by the deputy magistrate on the pending motion. The order being interlocutory, no appeal could be taking therefrom.[2]

However, this court has previously held that it may, sua sponte, treat a purported appeal as a petition for review and decide the questions presented to the same

1. Crim.R. 32(d) was made to apply in district magistrate courts, including deputy magistrates, by Crim.R. 59 as it read when this controversy arose. Since January 1, 1963, Magistrate Rule of Criminal Procedure 1 would apply.

2. City of Fairbanks v. Schaible, Opinion No. 4, 352 P.2d 129 (Alaska 1960); but cf. Jefferson v. Moore, Opinion No. 8, 354 P.2d 373 (Alaska 1960).

extent and with the same effect as on appeal, when to do otherwise would cause hardship and injustice.[3]  And in State v. Salinas [4] we said:

"The limitation of the right of the state to appeal contained in Rule 6 does not prevent its use of review, on appropriate occasion, to question the jurisdiction of the trial courts.  Writs in the nature of mandamus or prohibition have been replaced by the petition for review."

█ We find that the state has raised a question of jurisdiction in this case and that the order of the superior court sought to be reviewed is of such substance and importance as to justify deviation from the normal appellate procedure and to require the immediate attention of this court.[5] Review is therefore granted.

The jurisdictional issue raised by the state is that the superior court erred in ruling that the district magistrate had no authority to assume jurisdiction over a motion to withdraw a plea of guilty filed before a deputy magistrate in the same judicial district.  The state's theory is that the jurisdiction of the district magistrate and a deputy magistrate in the same district is co-extensive and each one has full jurisdiction to act upon all matters validly before the district magistrate court.

It is true that Alaska law provides for only one magistrate court in each of the four judicial districts of the state so far as judicial procedure is concerned.[6]  However, the legislature has also provided that each district shall have a designated number of deputy magistrates in addition to the one or more district magistrates.[7]  Nowhere in the statutes are any boundaries within the district prescribed in which a particular deputy magistrate may exercise his jurisdiction, but S.L.A.1959, chapter 184, which establishes the district magistrate courts, does provide that the magistrate court shall meet in its district at such place or places therein as may be designated by rule or order of the supreme court.[8]  On January 8, 1960, the supreme court ordered "that district and deputy magistrates be appointed for the courts *at the places* in the judicial districts of Alaska" [emphasis added] indicated in the order.  Petersburg is listed in the order as one of the places for which a deputy magistrate is to be appointed.[9]

By administrative rule this court has declared that deputy magistrates shall hold court at the places they were appointed to serve and shall act as clerk of the district magistrate court during such time as the district magistrate may be holding court in the same community.[10]  Further, the traveling district magistrate is required by rule to visit periodically the deputy magistrate courts in his district for the purpose of trying accumulated cases beyond the jurisdiction or ability of the deputy magistrates;[11] and, if in the course of any preliminary proceedings connected with a case, or during the trial, or after judgment, a deputy magistrate for any reason feels technically unqualified to proceed further, he may, without prejudice to the rights of the

---

3. In re Mountain View Public Utility District No. 1, Opinion No. 29, 359 P.2d 951 (Alaska 1961).

4. Opinion No. 39, 362 P.2d 298, 300 (Alaska 1961).

5. Supreme Ct. R. 24 provides in part as follows:
   "A review shall not be a matter of right, but will be granted only:  (1) where the order or decision sought to be reviewed is of such substance and importance as to justify deviation from the normal appellate procedure by way of appeal and to require the immediate attention of this court * * *."

6. S.L.A.1959, ch. 184, § 1 [AS 22.15.-010].

7. S.L.A.1959, ch. 184, § 2 [AS 22.15.-020].

8. S.L.A.1959, ch. 184, § 7(2) [AS 22.15.-090(b)].

9. Supreme Ct. Order No. 9.  See also Administrative R. 31(b).

10. Administrative R. 32(d).

11. Administrative R. 39 and 40(a).

parties, refer the matter to the traveling district magistrate for further proceedings.[12]

Finally, we must not overlook section 6 of chapter 184, S.L.A.1959 [AS 22.15.070, 22.15.080] which reads:

"Sec. 6. Jurisdiction and Venue.

"(1) The criminal jurisdiction of the district magistrate court shall extend over the entire state; the civil jurisdiction of said court shall extend over the whole of the judicial district.

"(2) The court in which the action is pending shall change the place of trial in any action from one place to another place in the same judicial district or to a designated place in another judicial district when the court finds any of the following:

"(a) There is reason to believe that an impartial trial cannot be had therein;

"(b) The convenience of witnesses and the ends of justice would be promoted by the change;

"(c) The magistrate is disqualified from acting; but in such event, if another magistrate is assigned to try the action, no change of place of trial need be made;

"(d) That the defendant will be put to unnecessary expense and inconvenience. Should the court find that said expense and inconvenience was intentionally caused, the court may assess costs against the plaintiff."

■■ We regard the foregoing provisions of the statute and of the order and rules of the supreme court as establishing a distinction between jurisdiction and venue. "Jurisdiction" connotes the inherent power

of a court to hear and adjudicate the subject matter in a given case while "venue" designates the particular place or locality in which a court having such jurisdiction may in the first instance properly hear and determine the case.[13]

■ The record does not disclose at what place the criminal complaint was filed in this case, so we may reasonably assume that it was filed at Petersburg and that it was the state which chose to file it there. If that be true then the venue was at Petersburg and the state itself made it so. To change the venue thus established for any purpose or at any time to some other place within or outside the First Judicial District in which Petersburg is located would require that an orderly procedure be followed as set forth in section 6 of chapter 184, S.L.A.1959, or Administrative R. 40(c). In either event the reason for such change of venue should have been brought to the attention of the defendant and an opportunity given to him to appear before the magistrate court at Petersburg to resist such change of venue if he desired to do so. Since that was not done in this case, the appellant Leege, as district magistrate, clearly abused his discretion by arbitrarily taking upon himself the authority to determine at Juneau the defendant's motion to withdraw a plea of guilty, filed at Petersburg. Although Leege was clothed with jurisdiction, he disregarded the requirements for change of venue.

We conclude that the superior court did not err in setting aside the order of the district magistrate and remanding the case to the deputy magistrate at Petersburg for determination of the defendant's motion to withdraw his plea of guilty.

The order of the superior court is affirmed.

12. Administrative R. 40(c).

13. Robert E. Lee & Co. v. Veatch, 301 F.2d 434, 436 (4th Cir. 1961); cert. denied 371 U.S. 813, 83 S.Ct. 23, 9 L.Ed. 2d 55 (1962); Arganbright v. Good, 46

Cal.App.2d Supp. 877, 116 P.2d 186 (1941); Shaffer v. Bank, 201 N.C. 415, 160 S.E. 481, 482 (1931); New York C. & St. L. R. R. v. Matzinger, 136 Ohio St. 271, 25 N.E.2d 349, 351 (1940).