Jackie KENDALL a/k/a Jackie
Siderakis, Appellant,

v.

STATE of Alaska, DIVISION OF COR-
RECTIONS; Charles Campbell, Di-
rector of Division of Corrections; Fair-
banks Clinic, an unincorporated associ-
ation; and Denali Medical Services, a
professional corporation, Appellees.

No. S–190.

Supreme Court of Alaska.

Dec. 14, 1984.

Laurel J. Peterson, Anchorage, for appellant.

Marcus R. Clapp and Gregory W. Lessmeier, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

■ This is an appeal from an order granting summary judgment in a medical malpractice case in favor of the defendants Fairbanks Clinic and Denali Medical Services.[1] Jackie Kendall, the appellant and plaintiff below, argues (1) that the report of an expert panel was improperly considered in granting the summary judgment motion, and (2) that the grant of summary judgment was improper even assuming the experts' report was properly considered.

In accordance with AS 09.55.536,[2] a report was issued by an expert advisory panel. The report concluded that the diagnosis and treatment of Kendall had been proper.[3] The defendants moved for summary judgment on the basis of this report and other evidence. The motion was granted and Kendall has appealed.

1. Summary judgment was not granted in favor of defendants State of Alaska and Charles Campbell. Since the court did not expressly determine that there was no just reason for delay and did not expressly direct the entry of judgment, the order appealed from is not appealable. Civil Rule 54(b). *Sua sponte,* we have decided to treat the appeal as a petition for review and to grant the same in order to prevent unnecessary delay. Appellate Rule 402(b)(2); *Leege v. Strand,* 384 P.2d 665 (Alaska 1963).

2. AS 09.55.536 provides:
   Expert advisory panel. (a) In an action for damages due to personal injury or death based upon the provision of professional services by a health care provider ... the court shall appoint within 20 days after filing of answer to a summons and complaint a three-person expert advisory panel unless the court decides that an expert advisory opinion is not necessary for a decision in the case. When the action is filed the court shall, by order, determine the professions or specialties to be *represented on the expert advisory panel,* giving the parties the opportunity to object or make suggestions.
   (b) The expert advisory panel may compel the attendance of witnesses, interview the parties, physically examine the injured person if alive, consult with the specialists or learned works they consider appropriate, and compel the production of and examine all relevant hospital, medical, or other records or materials relating to the health care in issue. The panel may meet in camera, but shall maintain a record of any testimony or oral statements of witnesses, and shall keep copies of all written statements it receives.
   (c) Not more than 30 days after selection of the panel, it shall make a written report to the parties and to the court, answering the following questions and other questions submitted to the panel by the court:

   (1) What was the disorder for which the plaintiff came to medical care?
   (2) What would have been the probable outcome without medical care?
   (3) Was the treatment selected appropriate for the case?
   (4) Did an injury arise from the medical care?
   (5) What is the nature and extent of the medical injury?
   (6) What specifically caused the medical injury?
   (7) Was the medical injury caused by unskillful care?
   (8) If a medical injury had not occurred, how would the plaintiff's condition differ from the plaintiff's present condition?
   (d) In any case in which the answer to one or more of the questions submitted to the panel depends upon the resolution of factual questions which are not the proper subject of expert opinion, the report shall so state and may answer questions based upon hypothetical facts that are fully set out in the opinion. The report shall include copies of all written statements, opinions, or records relied upon by the panel and either a transcription or other record of any oral statements or opinions; shall specify any medical or scientific authority relied upon by the panel; and shall include the results of any physical or mental examinations performed on the plaintiff ....
   (e) The report of the panel with any dissenting or concurring opinion is admissible in evidence to the same extent as though its contents were orally testified to by the person or persons preparing it.

3. The advisory panel stated in part:
   With reference to our evaluation, it is felt that an overall answer to the requested nine questions as proposed by Superior Court Judge Jay Hodges would be to state that the diagnosis, treatment and concern by Steve

■ An advisory panel report "is admissible in evidence to the same extent as though its contents were orally testified to ...." AS 09.55.536(e). Such a report therefore is properly considered in deciding a summary judgment motion since it would be admissible at trial. *See* 6 J. Moore, Moore's Federal Practice ¶ 56.11[1.–8], at 56–206 (1983).

Kendall argues, however, that the report did not comply with the requirements of AS 09.55.536(c) and (d) in that the eight specific questions called for in subsection (c) were not answered, the background material required by subsection (d) was not included, and the report does not state what facts it relied on as required by subsection (d). It follows, Kendall argues, that the report should not have been considered.

■ The Clinic responds that the report did comply with the statute, and that even if it did not, Kendall did not raise the issue of non-compliance below and thus appellate review is precluded. The latter point is correct, and dispositive of the issue. Objections as to the form of materials submitted on a summary judgment motion must be made before the trial court or they are considered to be waived. *See Kvasnikoff v. Weaver Bros. Inc.*, 405 P.2d 781, 784 (Alaska 1965); *Adkins v. Nabors Alaska Drilling, Inc.*, 609 P.2d 15, 22 (Alaska 1980).

Kendall also contends that even if the advisory panel report was properly considered by the trial court, summary judgment should not have been granted because there is evidence from which an inference of negligence might be drawn.

The purpose of the summary judgment procedure is to separate those cases in which there are genuine issues to be tried from those in which there are none. If the procedure is to be effective, an opponent of a summary judgment motion which demonstrates on its face an absence of issues for trial must show the court how he intends to support his position at trial:

> In construing this rule in *Gilbertson v. City of Fairbanks* [368 P.2d 214, 216–17 (Alaska 1962)], this court held that where a clear showing in support of a motion for summary judgment had been made, it was incumbent that the party opposing the motion clearly state its position or defense and show the court how it planned to support its position or defense with facts which would be admissible in evidence at the trial.

*Alaska-Canadian Corporation v. Ancow Corporation*, 434 P.2d 534, 536 (Alaska 1967).

■ "In medical malpractice actions ... the jury ordinarily may find a breach of professional duty only on the basis of expert testimony." *Clary Insurance Agency v. Doyle*, 620 P.2d 194, 200 (Alaska 1980). The primary limitation to this rule is that expert testimony is not needed in non-technical situations where negligence is evident to lay people. *Id.* This case does not fall into that category.

■ The defendants' motion was sufficient to establish the absence of a genuine issue as to negligence since the experts who authored the report opined that Kendall had been properly cared for, and no evidence was presented in conflict with this view. Kendall was then cast with the burden of demonstrating how she would prove her case. She presented no expert affidavits and did not show, based on the evidence that was presented, that a reasonably arguable case of medical negligence existed. She made one request for additional time to respond to the summary judgment motion, and this was granted. She made no additional requests for time, and no requests for additional discovery under Civil Rule 56(f). Summary judgment therefore was properly granted.

AFFIRMED.

Carr and Dr. J. Worrall was very timely, appropriate, and did not in any way deviate from the usual and expected care for this extremely serious condition or add any undue injury to the complainant.