NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

GLENN H. COOPER, )
)  Supreme Court No. S-14497
Appellant, )
)  Superior Court No. 3AN-09-04556 CI
v. )
)  MEMORANDUM OPINION
STATE OF ALASKA, )  AND JUDGMENT*
DEPARTMENT OF CORRECTIONS, )
)  No. 1434 – September 12, 2012
Appellee. )
_____ )

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Hugh W. Fleischer, Anchorage, for Appellant. Dale W. House, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Carpeneti, Winfree, and Stowers, Justices.

I.    INTRODUCTION

Glenn Cooper sued the Department of Corrections, claiming that he received inadequate medical care while incarcerated. The superior court, concluding that Cooper had failed to present any expert evidence to support his claim, granted summary

_____

* Entered under Appellate Rule 214.

judgment to the Department, and Cooper appeals. Because Cooper failed to present any evidence to raise a genuine issue of material fact on the question of causation, we affirm the superior court.

## II.    FACTS AND PROCEEDINGS

In January 2007 Glenn Cooper was shot in the elbow in an encounter with officers of the Anchorage Police Department. He was initially operated on by Dr. George Rhyneer at Providence Alaska Medical Center. Cooper was subsequently transferred to the medical unit of Anchorage Correctional Complex. In March Cooper was re-examined by Dr. Rhyneer, who recommended that Cooper receive physical therapy three times per week and prescribed exercises for Cooper to do on his own. Although Cooper acknowledged that he received some physical therapy and that he did therapy on his own, he sued the Department of Corrections (DOC), contending that DOC "refused to provide the [prescribed] physical therapy" by not providing physical therapy as often as Dr. Rhyneer had originally recommended.

DOC moved for summary judgment. DOC presented an affidavit from DOC clinical director Dr. Rebecca J. Bingham who had treated Cooper and reviewed his medical records. Dr. Bingham concluded that Cooper's care satisfied the standard of care required, and that Cooper's symptoms were "not more severe than they would have been if he had received more treatments with a physical therapist" while in DOC custody.

DOC also attached to its motion for summary judgment the report from an independent medical review performed by Dr. Douglas Bald. Dr. Bald, following a review of Cooper's medical history, similarly stated that Cooper had "persistent symptoms and physical findings that are felt to be exclusively a consequence of a fairly severe post-traumatic arthritis . . . felt to be directly and exclusively related to the original injury." He concluded that "Cooper's current level of function *has not been*

*compromised by inadequate or a less than ideal physical therapy regimen.*" (Emphasis added.) Dr. Bald noted that Cooper's physical therapy, while "perhaps not at the same schedule he would have had if he was not incarcerated," was not inadequate. Noting that "Cooper was less than cooperative with the recommended physical therapy regimen after his initial injury," and "according to the records, did miss several appointments and was reluctant to participate in self-directed exercise," Dr. Bald also pointed out that "[n]o physical therapy regimen is going to be successful without the complete cooperation of the patient and adherence to the recommended self-directed exercises."

In its motion, DOC argued that, in light of its experts' opinions, in order to survive summary judgment on his medical malpractice claim, Cooper was required to present expert testimony raising a genuine issue of fact that DOC breached the standard of care and that any breach caused Cooper to suffer injury. But Cooper failed to present any expert testimony or to argue that he was not required to do so. Based largely upon the opinions in Dr. Bald's expert report, the superior court granted summary judgment. Cooper appeals.

## III.   STANDARD OF REVIEW

We review grants of summary judgment de novo, "reading the record in the light most favorable to the non-moving party and making all reasonable inferences" in favor of the non-moving party.[1] In reviewing a grant of summary judgment, we determine "whether any genuine issue of material fact exists and whether the moving party is entitled to judgment on the law applicable to the established facts."[2] "If a prima

---

[1]    *Smith v. Anchorage Sch. Dist.*, 240 P.3d 834, 839 (Alaska 2010) (quoting *Witt v. State, Dep't of Corr.*, 75 P.3d 1030, 1033 (Alaska 2003)) (internal quotation marks omitted).

[2]    *Id.* (quoting *Wright v. State*, 824 P.2d 718, 720 (Alaska 1992)) (internal
(continued...)

facie case is established by the movant, then the nonmoving party must set forth specific facts showing that admissible evidence could be produced that reasonably tends to dispute or contradict the moving party's evidence in order to demonstrate the existence of a dispute of material fact and prevent entry of summary judgment."[3]

## IV.   DISCUSSION

Cooper raises a claim of medical malpractice.  Alaska Statute 09.55.540 provides:

> (a)   In a malpractice action based on the negligence or wilful misconduct of a health care provider, the plaintiff has the burden of proving by a preponderance of the evidence
>
> > (1)   the degree of knowledge or skill possessed or the degree of care ordinarily exercised under the circumstances, at the time of the act complained of, by health care providers in the field or specialty in which the defendant is practicing;
> >
> > (2)   that the defendant either lacked this degree of knowledge or skill or failed to exercise this degree of care; and
> >
> > (3)   that as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.

---

[2](...continued)
quotation marks omitted).

[3]     *Greywolf v. Carroll*, 151 P.3d 1234, 1241 (Alaska 2007) (citing *Preblich v. Zorea*, 996 P.2d 730, 733 (Alaska 2000)).

Except for "non-technical situations where negligence is evident to lay people," the plaintiff has the burden of establishing these three elements by expert testimony.[4]

The superior court concluded that DOC's expert testimony established a prima facie case both (1) that DOC did not fail to meet the minimum standard of care, and (2) that Cooper's "recovery has not been compromised by [DOC's] treatment choices." Once DOC submitted its evidence, the burden then shifted to Cooper to present admissible evidence that his claim was viable. Cooper makes the following argument on appeal:

> Referring [to] the report of Dr. Douglas Bald, which the State attached to its motion for summary judgment,
>
>> Mr. Cooper was reevaluated through the orthopedic clinic on March 15, 2007, and it was noted that he needed a regimen of hand therapy and physical therapy for his elbow, and it was also suggested that nerve conduction studies on his arm would be appropriate. It would appear that this request was subsequently denied as of March 20, 2007, with the explanation that the recommendations would not change his management at that time.
>
> Thus, the State's own "independent medical advisor", retained and paid by the State specifically acknowledges that Mr. Cooper's claim is true and correct.

But even assuming that this statement of Dr. Bald raised an issue of fact as to whether the standard of care was breached, Cooper has failed to present any evidence or point to any statement in the medical records or Dr. Bald's report that refutes DOC's evidence that Cooper suffered no harm as a result of the frequency of his physical

---

[4]    *Hertz v. Beach*, 211 P.3d 668, 680 (Alaska 2009) (quoting *Kendall v. State, Div. of Corr.*, 692 P.2d 953, 955 (Alaska 1984)) (internal quotation marks omitted).

therapy sessions. Under AS 09.55.540(a)(3), Cooper bore that burden. As we observed in *Greywolf v. Carroll*, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[5] Because Cooper has not presented any expert testimony or any other evidence tending to show that DOC's treatment or lack of treatment caused him any harm, and because he made no argument in his opposition to summary judgment that there was an issue of fact on the question of causation, DOC was entitled to summary judgment.

## V. CONCLUSION

We AFFIRM the superior court's decision granting summary judgment in favor of DOC.

---

[5]   151 P.3d at 1241 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted).