CITY OF FAIRBANKS, a municipal corporation, Petitioner,

v.

Arthur J. SCHAIBLE, Executor of the Estate of Druska C. Schaible, and The Lathrop Company, Respondents.

No. 38.

Supreme Court of Alaska.

May 2, 1960.

Charles J. Clasby, Fairbanks, for petitioner.

Robert A. Parrish, Wm. V. Boggess, Fairbanks, R. Boochever, Juneau, for respondents.

Before NESBETT, C. J., and AREND and DIMOND, JJ.

PER CURIAM.

The City of Fairbanks seeks an interlocutory review of a decision of the United States District Court for the District of Alaska, Fourth Division, which denied petitioner's motions for summary judgment or in the alternative for judgment by default and for dismissal for failure to state a claim.

The action was commenced by the executor of the Estate of Druska C. Schaible against the City of Fairbanks and The Lathrop Company seeking to recover for the wrongful death of deceased because of the City's alleged negligent maintenance and operation of its fire equipment, and for acts and omissions which are asserted to amount to negligence on the part of The Lathrop Company.

Deceased perished in a fire in a building owned by The Lathrop Company which fire was apparently being fought by firemen of the City of Fairbanks.

The court below granted petitioner's motion for summary judgment on October 17, 1958. Rehearing was had on January 9, 1959, and the decision of the court was reserved until February 19, 1960, on which date it denied the motion for summary judgment and the alternative motions.

Petitioner alleges:

(1) That error was committed below in denying the motion for summary judgment for the reason that a municipality is not liable, as a matter of law, for damage resulting from the negligent maintenance, operation or control of its fire equipment.

(2) That error was committed in denying petitioner's motion for judgment by default for failure of the respondent executor Schaible to specifically respond under oath to the City's interrogatories as required by Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A.

Petitioner urges the following reasons as grounds for granting review under Part VI of the Rules of the Supreme Court of Alaska:

(1) "* * * the nearly universal rule, if not the universal rule, is that a city is not liable for negligent fire fighting, for negligent maintenance of fire fighting equipment, or negligent operation or control of such equipment", the decision of law involved being a controlling one.

(2) Determination of municipal non-liability on review will terminate the action as to the City, thus saving it the expense and delay involved in a protracted trial.

(3) The decision is of great importance to every municipality in Alaska and departure from normal appellate procedure is warranted.

(4) This court should generally avail itself of every opportunity to speak on questions involving interpretation of rules of procedure and express its views on the question of the sufficiency of the response to petitioner's interrogatories in this case.

A historic characteristic of federal appellate procedure, which governed the judiciary in Alaska prior to statehood and the establishment of the state court system, was the rule which prohibited piecemeal disposal of litigation and required that appeals be taken only from final judgments.[1] However, the rigid and relentless application of this rule to all situations was unduly harsh. A particular interlocutory order might be so basic that to deny a prompt review would impede justice rather than promote it.[2] Thus the Supreme Court of Alaska, in adopting its rules of appellate procedure, not only required that appeals be taken from final judgments [Rule 6], but also made the court's reviewing powers available in any other case where justice demanded that there be early consideration by the court [see Rules 23 to 33].

However, the policy of permitting appeals only from final decisions has been demonstrated to be sound. To allow interlocutory review without restriction would be unwise, because in many cases this would add to the delay of litigation and would result in decisions on points that might otherwise be disposed of during the course of the litigation without substantial prejudice to anyone. The interlocutory issue which seemed so crucial at the time may fade into significance as the case progresses.

■ In the adoption of Rule 6 and Rules 23 to 33 the court has attempted to strike a fair balance between the inconvenience

1. Cobbledick v. United States, 1940, 309 U.S. 323, 324–325, 60 S.Ct. 540, 84 L.Ed. 783, 785; Catlin v. United States, 1945, 324 U.S. 229, 233–234, 65 S.Ct. 631, 89 L.Ed. 911, 916.

2. See Judge Frank's concurring opinion in Pabellon v. Grace Line, 2 Cir., 1951, 191 F.2d 169, 179–181. See also the legislative history of the Act of September 2, 1958, 72 Stat. 1770, 28 U.S.C.A. § 1292 (b), contained in 1958 U.S.Code Congressional and Administrative News, p. 5255, et seq.; and see the article entitled "The Interlocutory Appeals Act of 1958", by Charles Alan Wright, reported in 23 F.R. D. 199.

and costs of piecemeal review and the danger of denying justice by delay. It adopted the final judgment rule, but chose not to make it inexorable. But in providing for review of interlocutory orders, the court also made provision for selectivity. A litigant is required to establish that the sound policy behind the rule of finality is outweighed by the need for an early consideration of a non-appealable order. Thus, interlocutory review is not a matter of right, but one of sound judicial discretion.[3] The factors which will be considered by the court in exercising this discretion are indicated in Rules 23 and 24.

 Able briefing by all parties of the question of whether or not a municipality is liable in tort for the operation and control of its fire-fighting equipment and activities convinces the court that there are highly respectable authorities pro and con. There is substantial ground for difference of opinion. Furthermore, an immediate and present review of the decision below would undoubtedly advance the ultimate termination of the litigation as to petitioner if its contentions were adopted.

These are factors mentioned in Rule 23 (d) as being considerations in support of granting review. But they do not constitute, of themselves alone, sufficient grounds for departing from the usual appellate route by way of an appeal from a final decision. No argument advanced by petitioner supports a conclusion that the immediate attention of this court is required in deciding the important question of law raised by the pleadings. It has not been shown, for example, that undue or extraordinary hardship will result from the requirement that petitioner participate in a trial, or that injustice will or might result unless an immediate review of the decision below is granted. And although a present consideration of the decision might well advance the ultimate termination of the litigation, this would be so only as to

petitioner and not as to the other parties to the action.

The court is of the belief that ultimate justice is more likely to be attained if the issues are required to be processed in the normal manner. A full adversary treatment of all issues of fact and law by the trial court, before resorting to the appellate court, has been found to be a sound policy. The fact that the ultimate decision in the case is of great importance to all Alaska cities is all the more reason to require that the issues be handled in the normal manner in the absence of reasons that compel a different approach. Deviation from the normal procedure is only warranted in the unusual cases mentioned in the rules and to prevent injustice.

Therefore, it is the opinion of this court that an early consideration of the issues presented here would be inappropriate and unwise in the light of a postponed review upon a final judgment. The petition is denied.

---

3. Supreme Court Rule 24; and cf. In re Heddendorf, 1 Cir., 1959, 263 F.2d 887, 888–889; United States v. Woodbury, 9 Cir., 1959, 263 F.2d 784, 786–787.