STATE of Alaska; Department of Public Works, State of Alaska; Richard Downing, Commissioner of the Department of Public Works, State of Alaska; Lee Hubbard, Director of Highways, Department of Public Works, State of Alaska, Petitioners,

v.

Earl D. HILLSTRAND and Mary Jane Hillstrand, and M. B. Contracting Co., Respondents.

STATE of Alaska; Department of Public Works of the State of Alaska; Richard Downing, Commissioner of Public Works of the State of Alaska, Petitioners,

v.

John C. ZAK; United States of America; The Bureau of Public Roads of the U. S. Department of Commerce of the United States of America; E. H. Swick, Regional Director of the Bureau of Public Roads of the United States Department of Commerce, Respondents.

No. 35.

Supreme Court of Alaska.

May 13, 1960.

John L. Rader, Atty. Gen., of Alaska, Warren C. Colver, Asst. Atty. Gen., for petitioner, State of Alaska.

James J. Delaney, Anchorage, for Earl Hillstrand and Mary Jane Hillstrand.

John P. Irvine, Anchorage, for John C. Zak.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

PER CURIAM.

The State of Alaska as petitioner requests interlocutory review of an order of the District Court for the Territory of Alaska, Third Division, denying petitioners' motions for summary judgment.

In an action filed in the United States District Court for the District (Territory) of Alaska at Anchorage on August 17, 1959, the respondents Hillstrand sought to enjoin the State of Alaska and its agents from relocating the Sterling Highway on their property without paying compensation and for damages already done to the property.

The petitioner moved for summary judgment and claims the right to relocate the highway by authority of a reservation in the patent issued by the United States to Hillstrand's predecessor in interest, reserving a right-of-way thereon for roads, roadways, highways, tramways, trails, bridges and appurtenant structures, the reservation having been inserted under authority of an act of Congress.[1]

The highway was originally laid out and constructed across a corner of Hillstrand's land in 1946 and 1947 when it was public domain. In the spring and summer of 1959, as a part of a highway improvement program, petitioner relocated and reconstructed the highway across a different portion of Hillstrand's land.

In opposing the motion for a summary judgment respondents maintained petitioner had exhausted its rights under the reservation by constructing the original highway. Respondents Hillstrand also contended that the reservation is inapplicable in any event since their predecessor in interest filed application for the homestead on which the road in question is now located prior to the effective date of the act of Congress under which the reservation was inserted in the patent which ultimately issued.

The respondent Zak sought damages for a widening of the highway which crossed his land. A similar reservation had been inserted in the patent which issued to his predecessor in interest.

The District Court for the District (Territory) of Alaska denied petitioners' motions for summary judgment in the consolidated cases on February 19, 1960.

As grounds for review petitioner alleges:

(1) That the question of law involved is a controlling one.

(2) That an early decision on the question is of tremendous importance to the State which is embarking on an extensive road building program.

(3) That a decision of the Supreme Court would materially advance the ultimate termination of the litigation.

Conceding that an important question of law is involved and that an early decision is highly desirable, it is pointed out nevertheless, that none of the considerations governing the granting of review as outlined in Rule 24, Rules of the Supreme Court of Alaska, have been met. That rule clearly states that review is not a matter of right, but will be granted only where certain stated conditions exist.

The order of the court below denying summary judgment recognized that important questions of law and fact would have to be determined in the respondent Hillstrands' case before it could be finally concluded. The question of damages, if any, in both cases could not be determined without trial. While the opinion below appears to have made what amounts to a conclusive finding on the principal question of law involved, leaving only questions of fact and damages to be determined, this alone does not justify deviation from the normal appellate procedure or require the immediate attention of this court. The trial court might very well have a different view of the law in the light of facts de-

---

1. Act of July 24, 1947, 61 Stat. 418, 48 U.S.C.A. § 321d, Codified as 41-1-4 A.C.L.A. 1949.

veloped during trial. The opinion denying summary judgment apparently was not followed up with a formal order to that effect.

There is no contention by petitioner that the interests of justice will suffer unless an immediate review of the order denying summary judgment is granted.

Lastly, there is no indication that the court below departed from the accepted and usual course of judicial proceedings in any manner.

As was stated by this court in City of Fairbanks v. Schaible, 352 P.2d 129:

"The court is of the belief that ultimate justice is more likely to be attained if the issues are required to be processed in the normal manner. A full adversary treatment of all issues of fact and law by the trial court, before resorting to the appellate court, has been found to be a sound policy. The fact that the ultimate decision in the case is of great importance to all Alaska cities is all the more reason to require that the issues be handled in the normal manner in the absence of reasons that compel a different approach. Deviation from the normal procedure is only warranted in the unusual cases mentioned in the rules and to prevent injustice."

The trial courts in the Third Judicial District are available for an early trial of the cases. The petition is therefore denied.