Argued July 7, appeal dismissed September 6, 1961

# OLMAN *v.* PRESCOTT CORPORATION ET AL

364 P. 2d 624

*Denton Burdick, Jr.,* Portland, argued the cause for appellants. On the briefs were Hutchinson, Schwab & Burdick, Portland.

*Robert L. Myers,* Portland, argued the cause for respondent. With him on the brief were Shuler, Sayre, Winfree & Rankin, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN and LUSK, Justices.

SLOAN, J.

We are obliged to dismiss this appeal. Recital of the procedural events which have thus far governed this case will explain why.

Plaintiff's complaint alleged that he and defendants had entered into a joint adventure to acquire and sell or develop certain real property in Portland for the obvious purpose of attempting to make a profit; that defendants had ultimately excluded plaintiff from the joint adventure; that defendants were developing said property without plaintiff's participation therein and that the development jeopardized plaintiff's interest in the real property. The complaint prayed that the court declare plaintiff to have been a joint adventurer; for an accounting, and other relief not material here. Defendants' answer denied plaintiff's allegations.

At the initial trial of the case the only evidence presented was in respect to the issue of joint adventure. The case was submitted to the court for decision on that question. The court filed an opinion which sustained plaintiff's contention that a joint adventure had been entered into. However, in that opinion, and in the interlocutory decree that followed, the court reserved decision as to plaintiff's ultimate rights in the real property and in the improvements that had been placed thereon by the date of the interlocutory decree. As an aid to a determination of the actual monetary interests of the parties in the whole property the court also ordered an accounting by the defendants. That accounting was filed and plaintiff filed objections to it.

The court then heard considerable evidence on the accounting and approved it. A "decree" was then entered from which defendants here attempted to ap-

peal. On appeal defendants contend that the court erred in deciding that the parties had created a joint adventure relationship. The "decree" appealed from does not mention joint adventure. It was nothing more than an order directing a sale of the property involved and fixing the conditions of the sale. The order of sale was not challenged and appears to have been entered by consent. Otherwise the "decree" is not final in any respect. It specifically reserved allocation between the parties of any proceeds of the sale and also reserved determination of the rights of the parties in the event a sale was not accomplished. It is clear from the record before us that the trial court has not yet made any final determination of the ultimate rights of these parties. The so-called decree was not an appealable order. *Lyon v. Mazeris et al*, 1943, 170 Or 222, 132 P2d 982; *Robertson v. Henderson*, 1947, 181 Or 200, 179 P2d 742.

The appeal must be dismissed. Neither party shall recover costs.