### WRIGHT TRUCK AND TRACTOR SERVICE, INC., Appellant,

v.

### STATE of Alaska, Appellee.

### No. 525.

Supreme Court of Alaska.

Jan. 21, 1965.

5. Rosenblum v. Judson Engineering Corp., 99 N.H. 267, 109 A.2d 558, 563 (1954).

Roger G. Connor and Allan A. Engstrom, Juneau, for appellant.

Warren C. Colver, Atty. Gen., and Michael M. Holmes, Deputy Atty. Gen., Juneau, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

The question is whether the state is liable to pay interest on sums found to be due from it on a construction contract between the date the sums became due and the date of entry of judgment.

Appellant contracted with appellee state in October of 1960 to perform certain highway construction on the Kenai Peninsula. After work had commenced appellee redesigned the project considerably, but not enough to change the original amount of work contracted to be performed by more than 25 per cent. Appellant was ordered to continue with performance of the project as altered, but gave notice that a change of condition had occurred which entitled it to negotiate new prices or to perform the work on a force-account basis thereafter.

The superior court eventually determined that there had been a substantial change in the character of the work for which appellant was entitled to a judgment in the amount of $285,933.17 plus its costs. The superior court disallowed appellant's claim for interest on each of the force-account sums found to be due, between the date when the sums became due and the date of formal entry of judgment on the ground that AS 09.50.280 expressly disallowed interest on contract claims prior to judgment. The amount of interest claimed totaled $39,554.88.

Chapter 170, Session Laws of Alaska, 1957 was in force when the contract was entered into. This chapter was entitled:

"*Authorizing and governing civil actions against the Territory of Alaska; and providing for certain exceptions.*"

Section 1 stated:

"Any person or corporation having any claim against the Territory of Alaska shall have a right of civil action against the Territory in the District Court for the District of Alaska."

Section 8 stated:

"The Territory shall not be liable for interest prior to judgment or for punitive damages."

As a result of the state's bulk revision and codification program, completed and made effective on January 1, 1963, Chapter 170, SLA 1957 was included within an overall act codifying the law relating to civil procedure.[1] The original title of Chapter 170, SLA 1957 was deleted and the general provisions of the Chapter were grouped under an Article titled: "*Article XXVI. Tort Claims Against State.*" The first section of Article 26 stated in part as follows:

"Sec. 26.01. *Actionable Claims against the State.* Any person or corporation having a claim against the state may bring an action against the state in the superior court. * * *"

Section 26.04 stated:

"Sec. 26.04. *Judgment for Plaintiff.* If judgment is rendered for the plaintiff, it shall be for the legal amount found due from the state with legal interest only from the date of judgment and without punitive damages."

Article XXVI of Chapter 101, SLA 1962 then became AS 09.50.250–09.50.300

---

1. SLA 1962, ch. 101, §§ 26.01–26.06, 31.03; (AS 09.50.250–09.50.300).

when the codification program had been completed.

Article XXVI itself became Article 4 of Chapter 50 titled: *"Article 4, Tort Claims Against State."* Section 26.01 became AS 09.50.250 with identical wording except that the phrase "any person" in 26.01 was changed to "a person" in AS 09.50.250. Section 26.04 became AS 09.50.280 without change.

Appellant argues that the legislative history of Chapter 101, SLA 1962, which was a committee substitute for Senate Bill 105 in the 1962 legislature, indicates that the statute revisor employed was a person of wide experience in that field;[2] that all offices concerned with the legal affairs of the state government had been given copies of the code revision and had had an opportunity to review it and submit comments; and that the revision included Article XXVI of SB 105 entitled "Tort Claims".

Appellant frankly points out that an Alaska Legislative Council memorandum addressed to the members of the legislature, dated February 17, 1961,[3] stated in part with reference to Article XXVI:

> "No attempt has been made to substantially revise the provisions (of Ch. 170, SLA 1957) other than the extraction of procedure."

On the other hand, appellant argues, the reference was entitled "Article XXVI. Tort Claims". From all of the circumstances, it is contended that it can be reasonably assumed that the Legislative Council considered that the chapter applied only to tort claims against the state, and that upon reading the reference a legislator would draw the same conclusion.

Appellant cites House Judiciary Committee reports to show that Chapter 101, SLA 1962 was given detailed consideration by the legislators.[4] It is argued that the fact that during this process of consideration the title of Article XXVI was changed from "Tort Claims" to "Tort Claims Against State" is strong evidence of an intent that the legislature as a body intended that chapter 101 be limited in its scope to tort claims.

Appellant further argues that the changing of the phrase "any claim" in Section 1 of Chapter 170, SLA 1957 to "a claim" in Section 26.01 of Chapter 101, SLA 1962 indicates that the revisor thought that the act covered only torts and that the language "any claim" was therefore inappropriate.

Appellee points out that Chapter 170, SLA 1957 was in effect when the contract was executed and when suit was commenced and remained in effect until January 1, 1963,[5] at which time it was replaced by Article XXVI, Chapter 101, SLA 1962. Section 1 of Chapter 170 stated in part: "Any person or corporation having *any claim,"* [Emphasis supplied.] and Section 8 stated: "The Territory shall not be liable for interest prior to judgment or for punitive damages." Since the title of chapter 170 plainly stated that it was an act: "Authorizing and governing *civil actions* against the Territory of Alaska; * * *" [Emphasis supplied.] appellee argues, three paramount and controlling facts must be considered:

(1) The act was intended to apply to civil actions;

(2) It permitted suit by any person having, *any claim,* except for named exceptions;

(3) The Territory was not liable for interest prior to judgment with respect to any civil claim.

Between the time this suit was commenced and judgment was obtained, chapter 170 was replaced, first by Article XXVI, Chapter 101, SLA 1962, then for the period between January 1, 1963 and February 20, 1963, by Chapter 1, Section 2, SLA 1963, and thereafter by AS 09.50.250–09.50.280.

2. House Judiciary Committee Report, 1962 Alaska House Journal 224.

3. On file in the offices of the Legislative Council, Juneau, Alaska.

4. 1962 Alaska House Journal 229, 390-97

5. SLA 1962, ch. 101, § 31.03.

When Chapter 170, SLA 1957 was superseded by Article XXVI of Chapter 101, SLA 1962, section 31.03 of that chapter provided that effective January 1, 1963, that act should govern "all proceedings in actions brought after that date and all further proceedings in actions then pending, * * *" except where in the opinion of the court an injustice would be worked, in which case the laws repealed should apply.

A question to be determined is whether the changes in what was Chapter 170, SLA 1957, resulting from the bulk revision of the statutes of Alaska, commenced in 1961 and completed in 1963, were substantive in nature and such as to convert an act originally applicable to any civil claim against the Territory into an act applicable only to tort claims against the state.

The general purpose of the bulk codification and revision program was to extract the procedural provisions from the substantive provisions of existing statutes. The supreme court then promulgated the procedure as rules of court and the Legislative Council arranged the remaining substantive law into a code of statutes subdivided into titles, chapters and sections.[6]

In reporting to the legislature on the changes made in Chapter 170, SLA 1957 when it was converted into Article XXVI of Chapter 101, SLA 1962 the Legislative Council stated:

"Article XXVI Tort Claims Ch. 170, SLA 1957 provided for the authorization of civil actions against the State of Alaska. This material is the basis of the proposed revised article. No attempt has been made to substantially revise the provisions other than the extraction of procedure. As indicated in the Table of Sections, several of the provisions are superseded by the present court rules."

From this it is plain enough that the changes did not result from any attempt to substantially revise, and that the changes were not the result of an intent that the substantive meaning of the provisions be changed.

How then can it be explained that whereas the title of Chapter 170, SLA 1957 applied to "civil actions", the title of Article XXVI, Chapter 101, SLA 1962, covering the same textual material became "Article XXVI. Tort Claims Against State" and now simply reads "Article 4. Claims Against State"?[7]

The only logical explanation is that the statute revisor, in scanning the material contained in chapter 170, formed the mistaken belief that the act in its entirety applied only to tort actions. This may well have resulted from an overemphasis received from a reading of the "exceptions" contained in section 7, which concern themselves mainly with tort situations. The mistaken belief of the revisor could then have been acquiesced in by all who subsequently had to do with the bulk formal revision and codification of chapter 170.

Once having made the mistake of retitling an act intended to authorize as well as govern all civil actions, as an act merely pertaining and limited to tort claims, changing the original wording "any claim" into "a claim" acquires consistency and becomes understandable. This change is merely illustrative of how the original error was compounded rather than being evidence of an intent that the original scope of the act was being restricted so as to apply only to tort actions.

It appears plain enough that it never was the intention of the legislature that the title of Article XXVI, Chapter 101, SLA 1962, be a part of the general law. This conclusion is based upon the fact that upon its repealer it was specifically provided that "chapter, article, section, subsection and

6. Memorandum—Alaska Legislative Council to Members of the Legislature dated February 17, 1961 on file in office of Alaska Legislative Council, Juneau. See

also Foreword to Alaska Rules of Court Procedure and Administration.

7. Revisor's note, AS 09.50.250 (Cum.Supp. 1964).

**220**

paragraph headings \* \* \*" were not to be a part of the general and permanent law of Alaska.[8]

▪ In view of the foregoing we hold that Chapter 170, SLA 1957; Chapter 101, SLA 1962; and AS 09.50.250–09.50.300 were intended by the legislature to include all civil claims and that it was the intent of the legislature not to permit interest on any claim against the state prior to the date of a judgment.

▪ Appellant's second point is that even though it might be held that the statute disallows interest prior to judgment on civil claims, the statute is not applicable in this case because:

(1) The contract was made by the Department of Public Works under authority granted by the Legislature to award construction contracts for public works;

(2) That the rules and regulations governing the administration of such contracts recognize and provide for contract disputes that might arise between the parties to such contracts;

(3) That such rules and regulations are premised on the assumption that a party, after conforming to the procedural requisites with respect to disputed claims, would have the right to appeal to the courts;

(4) That in authorizing the Department of Public Works to contract in the business atmosphere created by the above circumstances, any such contract entered into constitutes a waiver by the state of immunity from suit.

We find that we are unable to decide the issue on this theory in view of the express statutory provision disallowing interest on civil claims prior to judgment.

We are in agreement with appellant's argument that the statutory prohibition can easily work an injustice on a party who has contracted with the state. There are business situations where agents of the state, in good conscience and even with business justification, may withhold for a time or even refuse payment. Where the contracting party is required by contract regulations to continue to perform, subject to later determination, as in the case before us, the problem often facing the contractor is where to get the capital to continue to finance his work. And even if the capital can be obtained the rate of interest required to be paid cannot be ignored. The matter would appear to be one which the Legislative Council might refer to the legislature for reconsideration in the light of the greatly increased contract authority and activity of the State Department of Public Works.

The judgment below is affirmed.

8. SLA 1962, ch. 101 was in effect from January 1, 1963, only until February 20, 1963, when it was repealed by SLA 1963, ch. 1, § 2 upon the adoption of AS 09.50.250–09.50.300.