John CONTENTO, Jr., Petitioner,

v.

ALASKA STATE HOUSING AUTHORITY, a public corporation, Respondent.

No. 554.

Supreme Court of Alaska.

Feb. 8, 1965.

Robert A. Parrish and Karl L. Walter, Jr., Fairbanks, for petitioner.

David B. Ruskin, Gen. Counsel, and William J. Bailey, Staff Atty., Anchorage, for respondent.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

PER CURIAM.

The superior court entered an order denying petitioner's motion for summary judgment, after making a determination of facts which were not in dispute and those

which were and would have to be tried. A petition for review of such interlocutory order was denied by this court without opinion. Petitioner has requested that we give reasons for denial of the petition. ·

Shortly after the inception of the state court system, we published opinions in two cases where petitions for review of interlocutory orders were denied.[1] We did this in order to bring to the attention of the Bar our reasons for adopting a procedure which relaxed the traditional concept of appellate practice, whereby appellate review was available only from final decisions and not from interlocutory orders. We pointed out that interlocutory review was not a matter of right but of sound judicial discretion, and we discussed the considerations which would govern the exercise of that discretion.

Since those decisions were rendered, we have followed the policy of not writing opinions when denying petitions for review of non-appealable orders. It seems appropriate in this case to explain the reasons for that policy.

A denial of a petition for review of an interlocutory order does not mean that we either approve or disapprove of the order sought to be reviewed, but merely that we decline to pass judgment at all on the action of the trial court. Furthermore, denial of review signifies that the petitioner has not convinced us that there is need for early consideration of a non-appealable order, in accordance with the considerations governing the granting of review as outlined in Supreme Court Rules 23 and 24.[2]

The principles just discussed are apparent from our written opinions in City

1. City of Fairbanks v. Schaible, 352 P.2d 129 (Alaska 1960); State v. Hillstrand, 352 P.2d 633 (Alaska 1960).

2. Supreme Court Rules 23 and 24 read as follows:
    Rule 23. *Review of Non-Appealable Orders or Decisions.*
    "An aggrieved party may petition this court for review of any order or decision of the superior court, not otherwise appealable under Rule 6, in any action or proceeding, civil or criminal, as follows:
    "(a) From interlocutory orders granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions.
    "(b) From interlocutory orders appointing receivers or refusing orders to wind up receiverships or to take steps

398 P.2d—63½

of Fairbanks v. Schaible and State v. Hill-strand.[3] We thought it unnecessary to re-iterate those principles in later cases, and for that reason have adhered to the practice of not stating our reasons when denying petitions for review.

■ We also consider the giving of reasons in these cases unwise. If we were to attempt to explain in each case how and why the petitioner has failed to convince us that our discretion should be exercised in favor of granting review, there is the danger that what we would say would be construed as indicating our views on the very issue or issues which we had decided not to pass upon. This would tend to be misleading or confusing to counsel and to the trial court, without any good purpose having been served. This is a factor which has persuaded us that the writing of opinions in cases where interlocutory review is denied generally would be an undesirable practice.

In this case we decline to elaborate further on our reasons for denying the petition for review.

to accomplish the purposes thereof, such as directing sales or other disposals of property.

"(c) From any order affecting a substantial right in an action or proceeding which either (1) in effect terminates the proceeding or action and prevents a final judgment therein; or (2) discontinues the action; or (3) grants a new trial.

"(d) Where such an order or decision involves a controlling question of law as to which there is substantial ground for difference of opinion, and where an immediate and present review of such order or decision may materially advance the ultimate termination of the litigation.

"(e) Where postponement of review until appeal may be taken from a final judgment will result in injustice because of impairment of a legal right, or because of unnecessary delay, expense, hardship or other related factors.

"Relief heretofore available by writs of review, certiorari, mandamus, prohibition, and other writs necessary or appropriate to the complete exercise of this court's jurisdiction, may be obtained by petition for review, and the procedure for obtaining such relief shall be as prescribed in Part VI of these rules."

Rule 24. *Considerations Governing Review.*

"A review shall not be a matter of right, but will be granted only: (1) where the order or decision sought to be reviewed is of such substance and importance as to justify deviation from the normal appellate procedure by way of appeal and to require the immediate attention of this court; (2) where the sound policy behind the general rule of requiring appeals to be taken only from final judgments is outweighed by the claim of the individual case that justice demands a present and immediate review of a particular non-appealable order or decision; or (3) where the superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative tribunal, as to call for this court's power of supervision and review."

