**Lloyd W. LEVI, Appellant,**

v.

**John J. SEXTON, Appellee.**

No. 848.

Supreme Court of Alaska.

April 12, 1968.

Robert A. Parrish, Fairbanks, for appellant.

Charles E. Cole, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

In the trial court appellee John Sexton instituted an action for the dissolution of a partnership he had entered into with appellant Lloyd Levi.[1]   In his complaint appellee requested that the court appoint a receiver to manage the partnership's bar and hotel business; that an accounting be undertaken; that the partnership's assets be liquidated to satisfy liabilities; and that the partnership be dissolved.[2]  Appellant Levi filed an answer containing two counterclaims and also requested essentially the

---

[1.] In part, it was alleged that on November 15, 1962, the parties agreed to the formation of a partnership "for the purpose of conducting a business in the City of Fairbanks, Alaska, known as the International Hotel and Bar, and thereafter they entered upon and continued to transact the business of said partnership under its firm name."

[2.] Simultaneously with the filing of the complaint, appellee also moved for the

appointment of a receiver "to manage and operate the business of the partnership pending the final determination of this action and the dissolution of the partnership."  Following this motion appellant filed a document captioned in part "Special Joinder in Motion for Appointment of Receiver."

same relief appellee had in regard to the partnership.[3]

On March 5, 1965, the superior court appointed a receiver to manage and operate the business of the partnership. In July of 1965 trial to the court was held on the merits of the case.[4] Thereafter, on November 3, 1965, the trial judge entered an order, the preamble of which reads in part as follows:

[T]his Court finding that the sum of $5,000.00, as evidenced by a Note dated July 15, 1964, was the amount still owing by plaintiff on the partnership agreement as of the date of the note * * *.

The November 3, 1965, order further required that the cause be submitted to a special master who was empowered

to hear and determine all the issues of fact in the action and that said referee make a report of his proceedings, findings, and decisions to this Court for approval and judgment within ninety (90) days of his appointment.[5]

After several unsatisfactory dealings with the receiver and special master, appellant Levi moved, in December 1966, for the appointment of a special master. On February 8, 1967, the superior court entered an order appointing a special master "to

hear and determine issues of fact not heretofore determined by this Court, and to make a report of his progress and findings on or before the 3rd day of April, 1967."[6] Additionally, the order of February 8, 1967, provided that pursuant to AS 32.05.270[7]

a partial decree providing for the dissolution of the partnership will be entered. The receiver will be authorized and directed in said decree to wind up the partnership and sell the partnership assets at public auction.

Appellant Levi then moved, on March 7, 1967, to cancel the sale of the partnership assets for the reason that such sale would cause him "irreparable injury." In his affidavit in support of the motion, appellant averred that:

It is unjust and inequitable to sell the property of the partnership prior to the issuance of a final decree because the parties are without right of appeal and selling the property would render an appeal useless.[8]

Simultaneously with his motion to cancel the sale of partnership assets, appellant filed a notice of appeal from the superior court's order of February 8, 1967. Concluding that this notice of appeal divested it of jurisdiction, the superior court struck

---

3. In appellant's first counterclaim it was asserted that appellee Sexton had agreed to pay $11,000 for his interest in the partnership, no part of which had been paid. In the second counterclaim it was claimed that Sexton, concerning a separate transaction, had given appellant his promissory note for $5,000 and that this sum was still due and owing.

4. At the conclusion of the hearing, the trial judge requested both parties to file findings of fact and conclusions of law. Although such proposed findings and conclusions were filed, the trial judge determined not to use or adopt either parties' proposals.

5. In February of 1966, the master filed a report. In May, the superior court entered an "Order of Recommittal" because the master's report did not contain findings of fact "and decision pursuant to [the court's order of November 3, 1965] and to Civil Rule 53."

6. In regard to the master, the order further provided that "the master shall proceed in accordance with and' shall have such powers as are provided in Civil Rule 53."

7. AS 32.05.270 specifies the grounds upon which *dissolution may be decreed.*

8. In two succeeding paragraphs in the same affidavit, appellant stated:

5. Affiant cannot determine whether or not to file an appeal in this case until after a final accounting is in, and if the assets of the partnership are sold at public auction there would be no purpose in appealing.

6. Affiant does intend to file an appeal but cannot do so until his rights are finally determined. Affiant has authorized his attorney to file notice of appeal from the order of February 8, 1967 authorizing sale of the partnership assets at public auction in order to protect the record.

from its calendar appellant's motion to cancel the sale of the partnership's assets. This, then, is the procedural context in which the matter comes before this court.

We must first determine whether or not the superior court's order of February 8, 1967, appointing a special master, decreeing dissolution, and authorizing, the sale of the assets of the partnership was a final judgment within the intendment of Supreme Court Rule 6.[9] We hold that the order was not a final order or judgment and that the appeal should be dismissed.

In reaching this conclusion we rely upon Bakewell v. Bakewell[10] where the order appealed from provided for the dissolution of the partnership, division in kind of those assets which were amenable to such division, and sale of the remaining assets. The California court concluded that the order in question was "non-final" ,and therefore one from which an appeal could not be taken. The court said:

A consideration of the issues and of the terms of the judgment discloses that further judicial action on the part of the trial court must be had before all the rights of the parties can be finally determined. Further audit of the partnership books is required and the receiver is directed to report thereon in order that the court may ascertain the amounts due as between the partners. * * * The court did not finally determine the relative rights of the partners in the partnership assets.[11]

The factual situation in *Bakewell* is analogous to the circumstances of the case at bar. Despite the extensive testimony received by the trial court on the question of the partnership rights of the parties, further judicial action must precede final determination of these questions. An accounting by the special master is necessary before the superior court can ascertain precisely what amounts are owed as between the parties. Such circumstances preclude characterization of the February 8, 1967, order, or any part thereof, as a final order or judgment.[12]

9. This rule provides:
   An appeal may be taken to this court from a final judgment entered by the superior court or a judge thereof in any action or proceeding, civil or criminal, except that the state shall have a right to appeal in criminal cases only to test the sufficiency of the indictment or information.

10. 21 Cal.2d 224, 130 P.2d 975, 978 (1942).

11. In In re Mountain View Pub.Util.Dist. No. 1, 359 P.2d 951, 954 (Alaska 1961), this court said the following in reference to the order sought to be appealed from:
   It definitely and conclusively determined the matter which he had brought before the court. The effect was to leave [appellant] without any relief until the receivership was terminated; he had no adequate remedy except by recourse to an appeal.
   See also Morron v. McDaniel, 127 Colo. 180, 254 P.2d 862, 864 (1953); Julius Hyman & Co. v. Velsicol Corp., 119 Colo. 121, 201 P.2d 380, 381 (1948). There are fairly numerous decisions holding that an order calling for an accounting is not appealable. David v. Goodman, 89 Cal.App.2d 162, 200 P.2d 568, 571 (1948);

Brown v. Trophy-Craft Co., 85 Cal.App. 2d 246, 192 P.2d 779 (1948).

12. In Olman v. Prescott Corp., 228 Or. 252, 364 P.2d 624, 625 (1961), the court stated in regard to the order there in question that:
   It was nothing more than an order directing a sale of the property involved and fixing the conditions of the sale. The order of sale was not challenged and appears to have been entered by consent. Otherwise the 'decree' is not final in any respect. It specifically reserved allocation between the parties of any proceeds of the sale and also reserved determination of the rights of the parties in the event a sale was not accomplished. It is clear from the record before us that the trial court has not yet made any final determination of the ultimate rights of these parties. The so-called decree was not an appealable order.
   Contra, Mitchell v. Williams, 264 Ala. 192, 86 So.2d 369, 370 (1956), where the court held that an order dissolving the partnership and appointing a receiver was in itself final and appealable; Williams v. Reed, 43 Cal.App. 425, 185 P. 515 (1919).

Supreme Court Rule 23 deals with petitions for review and the extent of our interlocutory review jurisdiction. This rule provides in part that:

An aggrieved party may petition this court for review of any order or decision of the superior court, not otherwise appealable under Rule 6, in any action or proceeding, civil or criminal, as follows:

; * , * * * * *

(b) From interlocutory orders appointing receivers or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property.

■■ In State v. Hillstrand [13] we held that review is not available where petitioner has failed to meet the prerequisites of Supreme Court Rule 24.[14] Our study of the record has led us to the conclusion appellant has not shown that his case comes within any of the criteria established by rule 24. We, therefore, conclude that this is not an appropriate case for the exercise of our review jurisdiction.

We are of the opinion that this holding will not work an injustice to appellant-petitioner. Upon remand of this matter to the superior court, appellant's motion to cancel the sale of the partnership assets will be reinstated and once again presented to that tribunal for determination.[15] By the time the remand occurs the special master's report will undoubtedly have been completed and the superior court in turn will be enabled finally to determine the partnership accounting. With the guidance of the report of the special master, the trial court will then be in a better position to determine the merits of appellant's motion to cancel the sale of the partnership assets.

Our decision to remand the case makes unnecessary detailed discussion of the single "Finding of Fact" contained in the superior court's order of November 4, 1967; viz., that $5,000 was the amount owing from appellant to appellee as of July 15, 1964, under the partnership agreement. Considering the procedural background of this case, we do not view this "Finding" as conclusive of this issue. Rather than review fragmentary findings, we have determined that resolution of this issue ought best to await the receipt of the special master's report and the superior court's decision thereon.[16]

In light of the foregoing, the appeal is dismissed and review is denied.

---

held that a judgment in an action for an accounting authorizing the sale of the assets, after the partnership had been dissolved, was final and appealable.

13. 352 P.2d 633, 634 (Alaska 1960).

14. Rule 24 establishes the conditions governing review. The rule states:
A review shall not be a matter of right, but will be granted only: (1) where the order or decision sought to be reviewed is of such substance and importance as to justify deviation from the normal appellate procedure by way of appeal and to require the immediate attention of this court; (2) where the sound policy behind the general rule of requiring appeals to be taken only from final judgments is outweighed by the

claim of the individual case that justice demands a present and immediate review of a particular non-appealable order or decision; or (3) where the superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative tribunal, as to call for this court's power of supervision and review.

15. It is our understanding that the liquor license—the primary asset of the partnership—has not as yet been sold.

16. Counsel for appellee admitted that upon remand of this matter the superior court does have authority to set aside its finding in regard to the $5,000.